(127 App. Div. 885.)

ROSE v. IMPERIAL ENGINE CO.

(Supreme Court, Appellate Division, Fourth Department. July 7, 1908.)

1. MASTER AND SERVANT—TORTS OF SERVANT—LIABILITY OF MASTER—COMPENSATORY DAMAGES.

A master is liable for compensatory damages for injury caused by the tortious act of a servant committed in the course of the employment, though such acts are malicious.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 1230–1232.]

2. SAME—PUNITIVE DAMAGES.

A master is not liable for punitive damages for the tortious acts of a servant, unless he participates in the wrongful act expressly or impliedly by his conduct authorizing it or approving it, but where the wrongful act is either a part, or in pursuance, of a recognized business system authorized by the master, or where the act is the act of an agent or manager having the general management of the particular business in the conduct of which the act complained of was done, the master is in a proper case liable for punitive damages.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 1273.]

3. SAME.

Where one having the general management and exclusive control for a corporation of a department of its business in the management of which, and as a part of which management he wrote a libelous letter in the name of and as authorized by the corporation itself, the allowance of punitive damages in an action against the corporation for the libel

would not be set aside as against the evidence on the issue whether he occupied a representative relation to the corporation.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 1273.]

Williams and Kruse, JJ., dissenting.

Appeal from Trial Term, Steuben County.

Action by Zatter W. Rose against the Imperial Engine Company. From a judgment for plaintiff, and from an order denying a motion for a new trial on the minutes, defendant appeals. Affirmed.

See 110 App. Div. 437, 96 N. Y. Supp. 808.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Herendeen & Mandeville (Francis E. Wood, on the brief), for appellant.

Warren J. Cheney, for respondent.

ROBSON, J.  That the letter, for the publication of which the jury have awarded plaintiff the sum of $1,200 damages, is libelous per se, unless it is to be regarded as a privileged communication, is apparent. That the communication is not as matter of law privileged was determined on a prior appeal of this court. 110 App. Div. 437, 96 N. Y. Supp. 808. The jury has found as matter of fact that it was not privileged, and we cannot say that this finding was against the weight of evidence.

Counsel for both parties seem to agree that the evidence appearing in the present record does not materially differ from that presented in the record before the court on the prior appeal, except in regard to what was done by defendant's foreman, Johnson, by way of making inquiries of plaintiff's fellow workmen before he reported to Hollister (who wrote the letter complained of) that the tools, which the letter charged plaintiff with stealing, had been taken by plaintiff. This additional evidence is to some extent contradictory of evidence given by the same witnesses on the first trial; and apparently was not considered, either by the jury or the trial court, as entitled to much weight, with which apparent conclusion we entirely agree.

This leaves for consideration only appellant's claim that defendant was in no event liable for punitive damages, and that the instruction of the court in reference thereto was error. The charge of the court as to the degree of care which the agent should have used in verifying the facts, upon which he assumed to make the libelous statements contained in the letter, was in the exact language requested by defendant's counsel. The point we are now considering seems, therefore, to narrow to a question as to the extent of defendant's responsibility for the acts of Hollister, its agent. In other words, were they the acts of an agent simply, or were they in a broader sense the acts of the defendant as an individual entity, or legal person, for which defendant was liable to the same extent as it would have been if Hollister had been himself the corporation? For the tortious acts of a mere servant or subagent of the principal done or committed in the course of his employment, even if wanton or malicious, the principal is, of course, liable to respond in damages, which will fully compensate

the person injured for the actual injury sustained. But "punitive or vindictive damages, or smart money, are not to be allowed as against the principal, unless the principal participated in the wrongful act of the agent, expressly or impliedly, by his conduct authorizing it, or approving it, either before or after it was committed." Lake Shore Ry. Co. v. Prentice, 147 U. S. 101–114, 13 Sup. Ct. 261, 265, 37 L. Ed. 97; Craven v. Bloomingdale, 171 N. Y. 439, 64 N. E. 169. But, if the wrongful act is either a part, or in pursuance, of a recognized business system, adopted and authorized by the principal, as in the case of Stevens v. O'Neill, 51 App. Div. 364, 64 N. Y. Supp. 663, affirmed 169 N. Y. 375, 62 N. E. 424, or is the act of an agent or manager to whose charge the general management of the particular business, in the conduct of which the act complained of was done, then the principal is liable, in a proper case to be cast in punitive, as well as compensatory, damages, even though the agent may have violated general instructions of the principal in that regard. Crane v. Bennett, 77 App. Div. 102, 79 N. Y. Supp. 66, affirmed 177 N. Y. 106, 69 N. E. 274, 101 Am. St. Rep. 722. This idea with its limitations is thus expressed by the court in Lake Shore Ry. Co. v. Prentice, 147 U. S. 114, 13 Sup. Ct. 265, 37 L. Ed. 97, cited above:

"The president and general manager, or in his absence, the vice president in his place, actually wielding the whole executive power of the corporation, may well be treated as so far representing the corporation and identified with it that any wanton, malicious, or oppressive intent of his in doing wrongful acts in behalf of the corporation to the injury of others may be treated as the intent of the corporation itself."

The evidence does not disclose the name or title by which Hollister's position or duties in defendant's service were designated; but it seems that he at least had the general management and exclusive control for the corporation of all that part, or department, of its business, in the management of which and as a part of which management, direction, and control this letter in question was written in the name of, and as a letter authorized by, the corporation itself. If defendant had asked to go to the jury for their determination as a question of fact whether or not Hollister did occupy that representative relation to defendant, it is possible that it would have been entitled to have that matter thus determined. But no such request was made; and we cannot say that the evidence on that point is, as matter of law, insufficient to sustain a verdict in which punitive damages were, as we assume, included.

Judgment and order affirmed, with costs. All concur, except WILLIAMS and KRUSE, JJ., who dissent.