■ DORA LIVANT et al., Respondents, v. EUGENE ADAMS, Defendant, and IRVING LIVANT, Appellant. IRVING LIVANT, Plaintiff, v. EUGENE ADAMS, Defendant.— Resettled judgment entered December 7, 1961 insofar as appealed from by defendant-appellant Irving Livant unanimously reversed on the law and in the exercise of discretion, that judgment and verdict as to him vacated, and a new trial ordered, with costs to abide the event. The question of defendant-appellant's contributory negligence was properly put to the jury. On the evidence presented the jury might have reasonably concluded that defendant-appellant's speed was unreasonable and a concurrent cause. The cases involving an automobile driver confronted with an unexpected situation, not of his making, are beside the point (*Rowlands* v. *Parks*, 2 N Y 2d 64, 67–68; *Meyer* v. *Whisnant*, 307 N. Y. 369; *Gooch* v. *Shapiro*, 7 A D 2d 307, affd. 8 N Y 2d 1088). However, the conduct of the trial court justifiably created the impression for counsel and the jury, and in the record, of the Judge's disbelief in the defense interposed by defendant-appellant. Inevitably a trial court sets the pattern for the jury. The brief but derogatory cross-examination by the court of defendant-appellant and, perhaps, of one of this defendant's witnesses, openly evinced disbelief in the testimony. (The trial court's comments to appellant's counsel at the conclusion of the trial confirmed the existence of pique at counsel's failure to settle the case on terms recommended by the court.) The trial, therefore, was not fair (cf. *Kamen Soap Prods. Co.* v. *Prusansky & Prusansky*, 11 A D 2d 676). Concur — Botein, P. J., Breitel, Valente, Stevens and Steuer, JJ.

■ IRWIN MARGULIES et al., Doing Business as MARGULIES & HEIT, Appellants, v. HERMAN GREENFELD, Respondent.— Order, entered on July 3, 1962, vacating a judgment in favor of plaintiffs and opening the default of defendant in appearing for trial, unanimously modified to the extent of requiring defendant-respondent, as a condition to opening said default, to pay a full bill of costs to date and in addition $50 costs plus disbursements on this appeal. And, as so modified the order is affirmed. Settle order on notice. Concur — Botein, P. J., McNally, Stevens, Eager and Steuer, JJ.

■ SYLVIA HANDLER, Respondent, v. JACK K. HANDLER, Appellant.— Order, entered on June 6, 1962, unanimously modified, without costs, to the extent of reducing temporary alimony to $75 per week and counsel fee to $250 in addition to the amount already received by the attorney. The additional $250 is to be paid when the case is assigned for trial. Settle order on notice. Concur —.Botein, P. J., McNally, Stevens, Eager and Steuer, JJ.

■ JOSEPH L. PITMAN, Respondent, v. MILTON L. EHRLICH et al., Appellants.— Order, entered on July 3, 1962, denying defendants' motion to examine before trial, as a witness, the customer allegedly procured by the plaintiff broker in this action for brokerage commissions, unanimously reversed, on the law, the facts, and in the exercise of discretion, and the motion granted, with $20 costs and disbursements to defendants-appellants. Special circumstances warranting the examination have been satisfactorily shown in the past and existing relationships between the witness sought to be examined and the plaintiff, the exclusive knowledge possessed by the witness as to material, possibly critical evidence and his attitude toward defendants which borders on hostility (*Courtland* v. *Brown, Harris, Stevens*, 6 A D 2d 789; *Southbridge Finishing Co.* v. *Golding*, 2 A D 2d 430, 435). Concur — Botein, P. J., McNally, Stevens, Eager and Steuer, JJ.