## (August 5, 1963)

■ EVERETT L. FRADY et al., Appellants, v. STATE OF NEW YORK, Respondent. — Appeal from a judgment entered on a decision rendered after trial in the Court of Claims. These claims against the State by a husband and wife for assault by a State trooper in their own home have each been dismissed by the Court of Claims after a trial. The trooper was investigating the alleged threatened use of a gun by claimant Everett L. Frady in a grill some distance away from Frady's home. When the trooper started to follow Frady into his home after questioning him, Frady asked him if he had a warrant. The trooper himself testified: "we entered the rear entrance of the home, and we were standing on the threshold and Mr. Frady then objected to my being there * * * and he remarked that I didn't have a search warrant, and then we continued on into his home * * * he kept retreating into the house and I kept following him." Frady attempted to talk with his lawyer on the telephone. The trooper testified: "I said I'd like to talk to the attorney and explain the situation * * * I took the phone away from Mr. Frady * * * I just grabbed the phone." As he did this, the trooper testified, Frady "put his hands around my neck". He felt Frady's fingers on his neck with "considerable force". The trooper then punched Frady in the jaw with his fist, knocked him down to the floor and there handcuffed him. As the Court of Claims found, it was not until after this time that he deemed he had arrested Frady for the events some hours before in the grill. The case against Frady having been presented to the Grand Jury, no indictment was found, and Frady was discharged. It is clear that the policeman had no lawful right to enter Frady's home over his objection and without a warrant. He had even less right to interfere by physical acts with Frady's talking to his lawyer on his own telephone in his own home. Frady, not then being under arrest, had legal justification to stop this interference with his liberty by the exercise of reasonable force. The striking of Frady on the jaw and knocking him to the floor in these circumstances was an assault. Before Mr. Frady began his attempt to talk to his lawyer on the phone he had asked his wife, claimant Genevieve C. Frady, to call the lawyer's home. She testified that during this process the trooper "pushed me up into the wall" and that as a result of this "I had a sore shoulder * * * it was sore for four or five days". The trooper did not expressly deny this, merely saying: "I made no observations of Mrs. Frady at all". The Court of Claims found that Mrs. Frady "was slightly pushed and had a sore shoulder for several days for which she received no medical treatment or medication". It also found she "was unintentionally pushed against the wall" while she was calling a lawyer on the phone. The undisputed facts, as well as these findings, show an assault on her; and while the physical damage was not serious, an injury was established for which some compensation ought to have been allowed. Although the injuries of neither of these claimants were great, the invasion of their home and persons by a public officer, according to his own narrative of events, seems grave enough to warrant at least some damages. Judgment reversed on the law and the facts and judgment for claimant Everett L. Frady for $200 and for Genevieve C. Frady for $100 directed, with costs. Settle order. Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.