■ SAM TEOFILO, Respondent, v. MEGO CORPORATION, Appellant, et al., Defendants.— In an action to recover damages for personal injury sustained as the result of an assault upon plaintiff by defendants Rosenbaum and Allegue, employees of defendant Mego Corporation, the latter appeals from (1) a judgment of the Supreme Court, Queens County, in favor of plaintiff against the three defendants, entered May 29, 1967 upon a jury verdict against all defendants in the amounts of $13,140 for compensatory damages and $30,000 for punitive damages and (2) an order of the same court dated May 10, 1967, which denied its motion for a new trial as to it and, in the alternative, as to all the defendants, pursuant to CPLR 4404. Judgment (1) reversed insofar as it is against appellant, without costs, on the law and the facts as to plaintiff's claim for compensatory damages and on the law as to his claim for punitive damages; (2) plaintiff's claim for punitive damages dismissed insofar as it is against appellant; (3) plaintiff's claim for compensatory damages severed insofar as it is against appellant; and (4) new trial granted between plaintiff and appellant as to said severed claim for compensatory damages, limited to

the issue of the amount of such damages, with costs to abide the event, unless within 30 days after entry of the order hereon plaintiff shall file and serve a written stipulation consenting to reduce from $13,140 to $6,500 the amount of the award for compensatory damages in his favor against appellant and to the entry of a judgment accordingly in said severed cause, in which event such judgment is affirmed, without costs. No questions of fact on the claim for punitive damages against appellant were considered on this appeal. Concededly, Rosenbaum and Allegue assaulted plaintiff, inflicting injuries to his chest and ear. We find no proof in the record to justify any assessment for punitive damages against appellant (cf. *Craven* v. *Bloomingdale*, 171 N. Y. 439; *Cope* v. *John Wanamaker of N. Y.*, 249 App. Div. 747, affd. 274 N. Y. 622; *Lake Shore & Michigan So. Ry. Co.* v. *Prentice*, 147 U. S. 101; *Rose* v. *Imperial Engine Co.*, 127 App. Div. 885). We are also of the opinion that the award of $13,140 as compensatory damages was excessive in light of the fact that plaintiff's medical expenses were $100, loss of earnings $540 and injuries not of a serious nature. Appeal dismissed insofar as it is from the order and from the portions of the judgment which are against defendants Rosenbaum and Allegue, without costs. Appellant is not an aggrieved party as to those portions of the order and the judgment which are adverse to those defendants. Further as to the order, with respect to appellant the foregoing disposition of the appeal from the judgment renders the appeal from the order academic; and an order denying a motion for a new trial, made only on the trial minutes, is not appealable. Beldock, P. J., Brennan, Rabin, Hopkins and Benjamin, JJ., concur.