■ BEN A. DI FIORE, Appellant, v SIBLEY, LINDSAY & CURR COMPANY, Respondent. — Judgment unanimously affirmed, with costs. Memorandum: The action was properly dismissed as time barred, since the summons and complaint, alleging fraud, were served eight years after the commission of the act and two and one-half years after discovery of the alleged fraud. The Statute of Limitations for fraud is six years from the commission of the act, or two years from the actual or imputed discovery of the fraud (CPLR 213, subd 8; 203, subd [f]; *Smith v Sarkisian,* 63 AD2d 780, affd 47 NY2d 878). Section 2-725 of the Uniform Commercial Code is inapplicable since its provisions cover only causes of action based on breach of contract for sale or breach of warranty. (Appeal from judgment of Supreme Court, Monroe County, Provenzano, J. — dismiss complaint.) Present — Dillon, P. J., Doerr, Boomer, Moule and Schnepp, JJ.

■ JAMES V. CALABRESE et al., Appellants-Respondents, v ALLRIGHT NEW YORK PARKING, INC., et al., Respondents-Appellants. — Judgment unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: The plaintiffs appeal, seeking to set aside as inadequate a jury award of $3,000 compensatory damages for injuries received by plaintiff James V. Calabrese when assaulted by the defendant Chilton. His injuries include the loss of two teeth and a fractured jaw for which he incurred medical and dental expenses in the amount of $2,900. There is no basis for setting this verdict aside. The court instructed the jury that if they found that the plaintiff provoked the action of the defendant Chilton by threatening words or actions immediately preceding the striking, and that Chilton's acts were committed in a state of excitement engendered by plaintiff's provocation, they could take that fact into consideration in fixing damages (see 2 NY PJI 590). There is adequate evidence in the record to justify this charge. Thus, we cannot say that the award of damages was inadequate. The jury was authorized to reduce the amount of compensatory damages because of the plaintiff's acts of provocation. The form of the judgment must be modified, however. The judgment recites an award of $3,000 compensatory damages against the corporate defendant alone. Interpreting the jury's answers to the written interrogatories, we construe the verdict as an award of compensatory damages against both defendants, and we modify the judgment accordingly. (Appeals from judgment of Supreme Court, Monore County, Curran, J. — negligence.) Present — Dillon, P. J., Doerr, Boomer, Moule and Schnepp, JJ.