■ HARVEY LEVINE, Respondent-Appellant, v JOSEPH ABERGEL, Appellant-Respondent, and JOMARK TEXTILES, INC., Re-

spondent.—In an action, *inter alia,* to recover damages for assault and battery and slander, (1) the defendant Joseph Abergel appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Kings County (Golden, J.), dated May 17, 1985, as, after a jury trial, is in favor of the plaintiff in the principal amount of $25,000 in compensatory damages and $20,000 in punitive damages on the plaintiff's fourth and fifth causes of action to recover damages for assault and battery; (2) the plaintiff cross-appeals from so much of the same judgment as (a) is in favor of the defendants on the plaintiff's first, sixth and eighth causes of action, (b) granted the defendants' respective motions dismissing the plaintiff's second and third causes of action, and (c) set aside the jury verdict on the plaintiff's seventh cause of action which awarded the plaintiff $1,000,000 in compensatory damages and $1,000,000 in punitive damages for slander; and (3) the defendant Joseph Abergel appeals from so much of an order of the same court, dated July 19, 1985, as denied his motion to set aside the jury's verdict on the plaintiff's fourth and fifth causes of action.

Ordered that the judgment is modified, on the law and the facts, by deleting the provision thereof awarding the plaintiff compensatory and punitive damages on his fourth and fifth causes of action to recover damages for assault and battery, and granting a new trial limited to the issue of damages with respect to those causes of action. As so modified, the judgment is affirmed; and it is further,

Ordered that the appeal from the order dated July 19, 1985 is dismissed as academic in light of our affirmance of so much of the judgment as is in favor of the plaintiff and against Joseph Abergel on the issue of the latter's liability on the fourth and fifth causes of action; and it is further,

Ordered that the defendant Joseph Abergel is awarded one bill of costs to abide the event of the new trial.

During the days immediately prior to July 22, 1983, the defendant Joseph Abergel (hereinafter Abergel), who was the plaintiff's employer at Jomark Textiles Corp., had been making inquiries of a customer about certain cash sales which the plaintiff made to that customer. The customer's responses to Abergel's inquiries revealed that there was a 50% discrepancy between the amount of cash received by Jomark Textiles Corp. and the amount given to the plaintiff by the customer. When the plaintiff found out that Abergel was inquiring about his sales, he confronted Abergel, complaining that the inquiries reflected a distrust of him and that it was unnecessary for

Abergel to check on him through customers but could rather face him directly with any questions. A "fistfight" ensued between Abergel and the plaintiff. During and after the altercation, Abergel called the plaintiff "a crook" who "stole money" and repeated this many times to "anybody that would listen".

The plaintiff commenced this action, *inter alia,* to recover damages for assault and battery and slander. At the trial, the plaintiff testified that as a result of the fight, he had sustained a bruise to his face and additional bruises on his arm and back from which he suffered pain "until they healed"; he also had sleepless nights. The plaintiff's testimony was the only evidence presented with regard to his injuries.

The jury found Abergel liable for damages for assault and battery and slander. It awarded the plaintiff $1,000,000 in compensatory damages and $1,000,000 in punitive damages for slander and $25,000 in compensatory damages and $20,000 in punitive damages for assault and battery. Upon Abergel's motion, the trial court set aside the verdict on the slander cause of action, finding that Abergel established the defense of truth by a preponderance of the evidence. The trial court denied a second motion by Abergel to set aside the verdict with respect to the assault and battery causes of action upon the ground that it was contrary to the weight of the evidence or upon the ground that it was excessive.

The record amply supports the jury's determination of liability on the part of Abergel for assault and battery. However, it does not contain sufficient and satisfactory proof to support the compensatory damage award. "[G]iven the tort, reasonable evidence of damage suffices" *(National Conversion Corp. v Cedar Bldg. Corp.,* 23 NY2d 621, 630). The plaintiff's subjective testimony of pain may be sufficient to establish an injury for which he is entitled to some compensation *(cf., Frady v State of New York,* 19 AD2d 783), but the injury, if any, sustained by the plaintiff in this case was minimal *(cf., Laskowski v County of Nassau,* 57 AD2d 888) and not of a serious nature *(cf., Teofilo v Mego Corp.,* 29 AD2d 693). The $25,000 award shocks the conscience of this court *(see, O'Connor v Roth,* 104 AD2d 933, *appeal dismissed* 64 NY2d 934; *Torro v Altman,* 97 AD2d 819; *Petosa v City of New York,* 63 AD2d 1016, 1017).

Additionally, although not objected to at the trial, the court's charge to the jury on the law concerning provocation was erroneous. "Where exemplary or punitive damages are

claimed, all the circumstances immediately connected with the transaction, tending to exhibit or explain the motive of the defendant, are admissible in evidence. The plaintiff on his part may show that there was express malice, and, on the other hand, the defendant is entitled to the benefit of any circumstances tending to show that he acted under an honest belief that he was justified in doing the act complained of, or under immediate provocation, or the impulse of sudden passion or alarm excited by the conduct of the plaintiff" *(Voltz v Blackmar,* 64 NY 440, 445). Where there is a reasonable excuse for the defendant's conduct arising from the provocation attending the transaction or from provocations so recent as to constitute a part of the res gestae but not entirely sufficient to justify the act done, there can be no exemplary damages, and the circumstances of mitigation must be applied to the actual damages, and even reduce them to a sum which is merely nominal *(see, Kiff v Youmans,* 86 NY 324, 331). Thus, a new trial as to the fourth and fifth causes of action on the issue of damages is required.

On his cross appeal, the plaintiff contends that the court erred in setting aside the jury's verdict in his favor on his seventh cause of action for slander. We find that the court did not err in setting aside the verdict, since it correctly determined that no valid line of reasoning and permissible inferences could have possibly led to the conclusion reached by the jury based on the evidence presented at the trial *(see, Cohen v Hallmark Cards,* 45 NY2d 493, 499; *Nicastro v Park,* 113 AD2d 129, 132; *O'Boyle v Avis Rent-A-Car Sys.,* 78 AD2d 431, 438). Niehoff, J. P., Rubin, Eiber and Kunzeman, JJ., concur.