■ FRANCINE KAYE, Appellant, v PRISMA CORPORATION, Defendant, and DIANNA DE MARTINO, Respondent.—Order, Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered August 2, 1990, which, *inter alia,* granted

defendant de Martino's motion for summary judgment dismissal of the complaint, unanimously affirmed, without costs.

The complaint in this slander action alleged that, after terminating plaintiff, a sales representative, defendant de Martino, corporate vice president and sales manager, in the presence of other employees, stated, "I want to watch you pack your personal belongings to make sure you do not steal any company property". This statement was allegedly repeated in an incident the next day, with defendant also adding plaintiff's conduct was unprofessional. No specials damages were pleaded. Supreme Court's dismissal of the complaint was proper as these statements do not constitute slander per se (Matherson v Marchello, 100 AD2d 233). The construction of the first statement urged by plaintiff, that plaintiff had the intent to commit a crime, which statement also injured her in the trade or business, is strained and artificial (Weiner v Doubleday & Co., 74 NY2d 586, 592, cert denied — US —, 109 L Ed 2d 498). In any event, the statement clearly does not amount to the requisite element of an accusation of having actually committed a crime; mere intent or capability to commit a criminal act is insufficient to constitute slander per se (Restatement [Second] of Torts § 571). We also note this statement does not concern any action undertaken or contemplated by plaintiff as an employee or in her trade or business, but rather related solely to post-termination circumstances. The second alleged statement cannot be regarded as incompatible with the proper conduct of plaintiff's trade or business (Aronson v Wiersma, 65 NY2d 592, 594). Concur—Sullivan, J. P., Wallach, Asch and Smith, JJ.