■ SUSAN PIRODSKY, Respondent, v DONALD M. PIRODSKY, Defendant and Third-Party Plaintiff-Appellant. ALDERMAN AND ALDERMAN, Third-Party Defendant-Respondent. (Action No. 1.) DONALD M. PIRODSKY, Appellant, v SUSAN PIRODSKY, Respondent. (Action No. 2.)

In a civil action for assault, a defendant may show, in mitigation of damages, that plaintiff's words or actions immediately preceding the assault provoked defendant's assault *(see, Kiff v Youmans,* 86 NY 324, 330; *Voltz v Blackmar,* 64 NY 440, 445; *Calabrese v Allright N. Y. Parking,* 93 AD2d 973; 2 NY PJI 16 [1990 Supp]). Where, as here, defendant raises the affirmative defense of plaintiff's culpable conduct, the relative degree of culpability between plaintiff and defendant should be resolved with the issue of damages *(see, Cox v*

*Howell,* 170 AD2d 1039; *Jordan v Britton,* 128 AD2d 315, 321-322).

Supreme Court did not abuse its discretion, however, in denying defendant's motion to consolidate the matrimonial action and the assault action. A motion to consolidate is directed to the sound discretion of the court and the court is given wide latitude in the exercise thereof *(Inspiration Enters. v Inland Credit Corp.,* 54 AD2d 839, 840). The two actions involve many dissimilar issues which may confuse a jury; separate trials will enable the jury to focus on the factual issues presented in each action *(see, Brown v Brooklyn Union Gas Co.,* 137 AD2d 479, 480; *Doll v Castiglione,* 86 AD2d 711). (Appeal from Order of Supreme Court, Onondaga County, Reagan, J.—Partial Summary Judgment.) Present—Denman, P. J., Callahan, Green, Lawton and Davis, JJ.