■ ROXANNE BRAZIE et al., Respondents, v ROBERT X. WILLIAMS, Appellant. [634 NYS2d 274] —Order unanimously reversed on the law without costs, motion denied and verdict reinstated. Memorandum: Supreme Court erred in setting aside the jury verdict of no cause of action in this medical malpractice action based upon alleged errors in the court's "recap" charge and the recharge on proximate cause. We conclude that those instructions were not erroneous. Medical malpractice can arise from lack of knowledge, lack of ability, failure to exercise reasonable care or failure to use one's best judgment (1 PJI 2:150; *see also, Monahan v Weichert,* 82 AD2d 102, 105-106). Clearly, the knowledge, ability and judgment of the doctor are inextricably interwoven in an assessment of whether he deviated from accepted standards of medical care *(Littlejohn v State of New York,* 87 AD2d 951, 952). The "requisite knowledge" language was proper. Moreover, even if the court erred in including the "requisite knowledge" language, the language was charged in the disjunctive, i.e., that "defendant failed to exercise the required degree of care * * * or that he lacked the requisite knowledge". Thus, Roxanne Brazie (plaintiff) could

not have been prejudiced because she could recover if she proved either that defendant failed to use reasonable care or that he lacked the requisite knowledge. Therefore, the charge imposed no greater burden on plaintiff.

Although it was error to charge that defendant's negligence must be "the" proximate cause rather than "a" proximate cause of plaintiff's injury *(see, Galioto v Lakeside Hosp.,* 123 AD2d 421, 422), the issue is academic because the jury determined that defendant was not negligent, and, therefore, never reached the issue of proximate cause *(see, Pellescki v City of Rochester,* 198 AD2d 762, 763, *lv denied* 83 NY2d 752; *Treyball v Clark,* 106 AD2d 444, 445, *affd* 65 NY2d 589). Furthermore, the subsequent charge corrected any error in the recap instructions.

We note that defendant's CPLR 4404 (a) motion to set aside the verdict never addressed the weight of the evidence, nor did the court's decision and order consider or rule upon that issue. In any event, we conclude that the jury verdict is not contrary to the weight of the evidence *(see, Kuncio v Millard Fillmore Hosp.,* 117 AD2d 975, 976-977, *lv denied* 68 NY2d 608). (Appeal from Order of Supreme Court, Chautauqua County, Gerace, J.—Set Aside Verdict.) Present—Green, J. P., Pine, Wesley, Callahan and Davis, JJ.