ALEXANDRA COCLIN, Appellant, v LANE PRESS, INC., et al., Defendants, and AMERICAN INSTITUTE OF CERTIFIED PUBLIC ACCOUNTANTS et al., Respondents. [644 NYS2d 275]

Issues of fact exist as to whether plaintiff's employer made her aware of its express written policy limiting its right of discharge and as to whether she detrimentally relied on that policy in accepting the employment, and, therefore, whether she falls within the exception to the rule that an at-will employee does not have a cause of action for breach of employment contract (*see*, *Matter of De Petris v Union Settlement*

*Assn.*, 86 NY2d 406, 410). Accordingly, the court erred in dismissing plaintiff's first cause of action.

Since the jury deadlocked on the issue of whether plaintiff was terminated without cause, the court also erred in dismissing her eighth cause of action for severance pay (CPLR 4113 [b]).

However, the trial court properly determined that since the subject information was communicated to those with a common interest in plaintiff's employer's operations, defendant Rainier enjoyed a qualified privilege, and that plaintiff failed to submit evidence raising a triable issue of fact as to whether he acted with the requisite malice to overcome the privilege (*see, Liberman v Gelstein*, 80 NY2d 429, 437-439). The causes of action for tortious interference with contract and intentional infliction of emotional distress were also properly dismissed since plaintiff failed to submit sufficient evidence to establish that the means employed to terminate her were wrongful (*see, Guard-Life Corp. v Parker Hardware Mfg. Corp.*, 50 NY2d 183, 191-192) or that defendants' conduct was " 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency' " (*Fischer v Maloney*, 43 NY2d 553, 557). Concur—Milonas, J. P., Rosenberger, Kupferman, Williams and Mazzarelli, JJ.