OPINION OF THE COURT
Herman Cahn, J.
Defendants Cooke Center for Learning and Development, Inc. (Cooke) and Karen P. Robards, president of Cooke, move to dismiss, pursuant to CPLR 3211 (a) (7), plaintiff Gay Culverhouse’s complaint for failure to state a cause of action. Culverhouse cross-moves to disqualify the law firm and attorney representing Cooke and Robards.
This action arises out of Culverhouse’s employment as executive director of Cooke, a not-for-profit organization devoted to educating children with special needs. On August 5, 1996, Cooke offered Culverhouse employment in a letter agreement broadly outlining her employment responsibilities, salary, vacation time, and benefit plans. Absent from the letter agreement is any language regarding the term of the employment. Culverhouse agreed to the letter agreement in writing on August 9, 1996.
The parties dispute what occurred next. Culverhouse maintains that when she had spoken to Robards about the po *367 sition in July 1996, Robarás informed her that Cooke could only offer year-to-year employment, as Cooke’s finances were determined by Board of Education grants and public donations. Culverhouse contends that on July 31, 1997, she and Cooke entered into an oral agreement to extend her employment through July 31, 1998. She further claims that despite a positive performance review and praise from her staff, Cooke and Robarás began a campaign in October 1997 to force Culverhouse to resign and/or terminate her employment. Culverhouse attributes this friction to the alleged “self-interest” of Robarás and other Cooke Board of Directors (Board) members who had children enrolled at Cooke.
Cooke denies ever amending the letter agreement or offering Culverhouse a one-year employment contract. Rather, Cooke maintains, Culverhouse’s performance was less than satisfactory, as she failed to communicate with Cooke’s Board of Directors, refused to defer to the Cooke Board’s decision-making responsibility, and took an unannounced vacation abroad in October 1997. Cooke alleges that after Cooke Board members communicated issues of concern to Culverhouse, she announced to the Cooke staff that she was resigning.
By letter dated November 12, 1997, Robarás notified Culverhouse’s attorney that Culverhouse had resigned as executive director. By letter dated November 13, 1997, the attorney denied that Culverhouse had ever resigned and demanded that Cooke honor the claimed oral employment agreement.
In her complaint, Culverhouse alleges that (1) Cooke breached the oral agreement extending her employment until July 31, 1998; (2) Robarás, with malice and for personal gain, tortiously interfered with Culverhouse’s contract; and (3) Robarás defamed Culverhouse by referring to her in front of other Cooke staff members as a “rich bitch” and by circulating to the Cooke Board a November 12, 1997 memorandum stating that Culverhouse had resigned.
When considering a motion to dismiss for failure to state a cause of action, the court accepts as true the factual averments of the complaint and determines whether the plaintiff can succeed upon any reasonable view of the facts stated. (Campaign for Fiscal Equity v State of New York, 86 NY2d 307, 318 [1995].) The plaintiff is given the benefit of all favorable inferences which may be drawn from the pleadings (supra), and the court is required to “determine only whether the facts as alleged fit within any cognizable legal theory [citations omitted].” (Leon v Martinez, 84 NY2d 83, 87-88 [1994].) Moreover, when *368 considering evidentiary material, “the criterion is whether the proponent of the pleading has a cause of action, not whether he has stated one, and, unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, again dismissal should not eventuate [citations omitted].” (Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977].) However, where allegations consist of bare legal conclusions or factual claims either inherently incredible or flatly contradicted by documentary evidence, dismissal is appropriate. (Beattie v Brown & Wood, 243 AD2d 395 [1st Dept 1997]; Herman v Greenberg, 221 AD2d 251 [1st Dept 1995].)
Cooke maintains that (1) because Culverhouse was an at-will employee, her employment was terminable at any time; (2) the alleged oral agreement to extend the contract for one year is contradicted by documentary evidence; and (3) Culverhouse, fully aware of Cooke’s hiring process from her own experience, is cognizant that any oral agreement by less than all of the Cooke Board members would be invalid pursuant to its bylaws.
Culverhouse contends (1) it was the general practice of Cooke to employ on a year-to-year basis; (2) the documentary evidence submitted by Cooke does not “flatly” contradict Culverhouse’s allegations; and (3) the agreement to continue Culverhouse’s employment for a second year was announced at the Cooke Board of Directors meeting in September 1997, without objection.
It is well established that “[a]bsent an agreement establishing a fixed duration, an employment relationship is presumed to be a hiring at will, terminable at any time by either party”. (Matter of De Petris v Union Settlement Assn., 86 NY2d 406, 410 [1995]; see also, Murphy v American Home Prods. Corp., 58 NY2d 293, 300 [1983] [recognizing the “long-settled rule that where an employment is for an indefinite term it is presumed to be a hiring at will which may be freely terminated by either party at any time for any reason or even for no reason (citations omitted)”].) An employer’s right to terminate an at-will employment will not be disturbed by the courts absent an express agreement between the parties. (Doynow v Nynex Publ. Co., 202 AD2d 388 [2d Dept 1994].)
Here the heart of the dispute is what type of employment agreement existed between the parties. Accepting as true Culverhouse’s allegations, the breach of contract cause of action contains facts sufficient to withstand the motion to dismiss. Culverhouse maintains that a Cooke Performance Committee *369 was extremely pleased with her performance; that she was subsequently offered and accepted employment from August 1, 1997 through July 31, 1998; and that it was announced at a September 1997 Board of Directors meeting that Culverhouse would continue as executive director for a second year. As these allegations are sufficient to sustain a cause of action, Cooke’s motion to dismiss the breach of contract claim is denied.
To state a claim for tortious interference with a contract, plaintiff must plead (1) the existence of a valid contract between the plaintiff and a third party; (2) the defendant’s knowledge of that contract; (3) the defendant’s intentional procuring of the breach; and (4) damages. (Foster v Churchill, 87 NY2d 744, 749-750 [1996].) A corporate officer acting within the scope of his or her duties cannot be held personally liable for inducing the corporation to terminate an employment agreement absent evidence that the corporate officer performed individual separate tortious acts. (Murtha v Yonkers Child Care Assn., 45 NY2d 913, 915 [1978]; Bonanni v Straight Arrow Publs., 133 AD2d 585, 586 [1st Dept 1987].)
Culverhouse has simply failed to sufficiently allege a tortious interference with contract claim. Although Culverhouse contends that the relationship between herself and Robards was less than ideal, it is not sufficiently pleaded since there is no evidence that Robards performed individual separate tortious acts against Culverhouse. Absent such a pleading, the cause of action for tortious interference with a contract must be dismissed. (See, Coclin v Lane Press, 228 AD2d 359, 360 [1st Dept 1996] [affirming dismissal of tortious interference with contract claim, as plaintiff failed to submit sufficient evidence that the means employed to terminate her were wrongful].)
Culverhouse’s third cause of action, for defamation, is based upon two allegations: (1) that Robards stated to the Cooke staff that Culverhouse was a “rich bitch”, constituting slander per se; (2) that Robards circulated a memorandum among Cooke Board members stating that Culverhouse had resigned, constituting libel per se.
Even assuming the truth of these factual allegations, as this court is required to do in the context of a motion to dismiss (Campaign for Fiscal Equity v State of New York, supra), the pleading fails to state a cause of action. The issue of whether particular words are defamatory presents a legal question to be resolved by the court. (Aronson v Wiersma, 65 NY2d 592, 593 [1985].) An oral statement is considered slander per se if it *370 tends to injure another in his or her trade, business, or profession. (Liberman v Gelstein, 80 NY2d 429, 435 [1992].) To be actionable, the statements must be “ ‘incompatible with the proper conduct of the business, trade, profession or office itself. The statement must be made with reference to a matter of significance and importance for that purpose, rather than a more general reflection upon the plaintiffs character or qualities’ ”. (Supra, at 436.)
For nearly 100 years, courts that have addressed the issue of whether the term “bitch” is actionable are in nearly universal agreement that it is not. (See, Travers v Shane, 1995 WL 809549, 1 [Mass Sup Ct, July 10, 1995, Garsh, J.] [the word “ ‘bitch’ ” is “too imprecise and open to speculation to be actionable”]; Ward v Zelikovsky, 136 NJ 516, 537, 643 A2d 972, 982 [1994] [“ ‘Bitch’ in its common everyday use is vulgar but non-actionable name-calling that is incapable of objective truth or falsity”]; Lee v Metropolitan Airport Commn., 428 NW2d 815, 821 [Minn Ct App 1988] [“bitch” is too imprecise to be actionable] ; Halliday v Cienkowski, 333 Pa 123, 3 A2d 372, 373 [1939] [the word “bitch” is not actionable because it imputes neither lack of chastity nor adultery]; Robertson v Edelstein, 104 Wis 440, 80 NW 724 [1899] [calling a married woman a “bitch” is not actionable per se].) Although the issue does not appear to have been addressed by a New York court, the above-cited decisions are persuasive. Thus, because the term “rich bitch” is not actionably defamatory, this branch of the causes of action is dismissed.
Culverhouse’s claim that the circulation of a memorandum among Cooke Board members stating that she had resigned, amounted to libel per se, is equally without merit. A written statement may be defamatory if it “would cause apprehension about a person’s ability to conduct business.” (Golub v Enquirer/Star Group, 89 NY2d 1074, 1076 [1997].) The memorandum at issue stated that the Cooke Board had accepted Culverhouse’s resignation, that Culverhouse should not return to Cooke’s premises unless accompanied by a member of Cooke’s Board, and that Culverhouse should make arrangements to retrieve her personal belongings as soon as possible.
It strains common sense to conclude that a reasonable person would interpret the statement that an individual resigned and should retrieve her personal belongings as a defamatory statement. Resignations are a common practice in the workplace and may be due to any number of reasons including, for example, due to better job opportunities. The fact that *371 Culverhouse was told not to return to Cooke’s premises unaccompanied is not defamatory either. (See, Kaye v Prisma Corp., 172 AD2d 287, 288 [1st Dept 1991] [“ T want to watch you pack your personal belongings to make sure you do not steal any company property’ ” is not defamatory].) Therefore, the defamation claim is dismissed.
Culverhouse cross-moves to disqualify Dewey Ballantine, L. L. P., as Cooke’s counsel, as E. Ann Gill, Esq., a partner at Dewey Ballantine, L. L. P., and secretary to Cooke’s Board of Directors, is a necessary witness to the litigation. Culverhouse maintains that because Gill is the signatory to the August 5, 1996 letter agreement, communicated with Culverhouse regarding the letter, is responsible for accurately recording the proceedings at Cooke’s Board meetings, and has submitted an affidavit in this action, Dewey Ballantine, L. L. P., should be disqualified.
A party seeking the disqualification of an attorney bears the burden of proving the need for such a drastic remedy. (O’Donnell, Fox & Gartner v R-2000 Corp., 198 AD2d 154, 155 [1st Dept 1993]; see also, Abramovitz v Kew Realty Equities, 235 AD2d 320, 321 [1st Dept 1997].)
Culverhouse’s cross motion is without merit, as Gill is not an advocate for Cooke. (See, Matter of Owen & Mandolfo v Davidoff of Geneva, 197 AD2d 370 [1st Dept 1993], lv denied 83 NY2d 751 [1994].) Nor is there any evidence that Gill’s testimony would be prejudicial in any way to Cooke, in violation of Code of Professional Responsibility DR 5-101 (C) (22 NYCRR 1200.20 [c]).
Accordingly it is ordered that the motion to dismiss is granted to the extent that the second and third causes of action of the complaint are severed and dismissed; and it is further ordered that the remainder of the action shall continue; and it is further ordered that Culverhouse’s cross motion to disqualify counsel is denied; and it is further ordered that defendant is directed to serve an answer to the complaint within 10 days after service of a copy of this order with notice of entry; and it is further ordered that the Clerk is directed to enter judgment accordingly.