■ PENELOPE VIGMOSTAD et al., Appellants, v COUNTY OF SUFFOLK et al., Respondents. [740 NYS2d 643] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Suffolk County (Floyd, J.), dated December 14, 2000, which granted the motion of the defendant Town of Huntington for summary judgment dismissing the complaint insofar as asserted against it and denied their cross motion for a unified trial on the issues of liability and damages, and (2) an interlocutory judgment of the same court, entered February 1, 2001, which, upon the order, inter alia, dismissed the complaint insofar as asserted against the defendant Town of Huntington.

Ordered the order and the interlocutory judgment are affirmed, with costs.

The Town of Huntington established, prima facie, that its failure to repaint the "edge line" on Waterside Avenue was not a proximate cause of the plaintiff Penelope Vigmostad's injury. Since the plaintiffs failed to raise a triable issue of fact in opposition thereto, the Supreme Court properly granted the Town's motion for summary judgment and dismissed the complaint insofar as asserted against it (*see Alvarez v Prospect Hosp.,* 68 NY2d 320; *Zuckerman v City of New York,* 49 NY2d 557).

The plaintiffs' cross motion for a unified trial was correctly denied since they did not demonstrate the existence of the limited circumstances under which the issues of liability and damages may be tried together (*see* CPLR 603; *Parmar v Skinner,* 154 AD2d 444; *Louise B.G. v New York City Bd. of Educ.,* 143 AD2d 728). Florio, J.P., S. Miller, Schmidt and Cozier, JJ., concur.