RICHARD VAZQUEZ, Appellant, v COSTCO COMPANIES, INC., Respondent. [792 NYS2d 593]—

In an action to recover damages for personal injuries, the

plaintiff appeals from a judgment of the Supreme Court, Queens County (Kitzes, J.), entered July 1, 2003, which, upon a jury verdict, is in favor of the defendant and against him, dismissing the complaint.

Ordered that the judgment is reversed, on the law and in the interest of justice, and a new trial, at which the issue of liability will be tried together with the issue of damages, is granted, with costs to abide the event.

The plaintiff claims that he was injured when he slipped and fell in a bathroom located at the defendant's Costco store. The plaintiff testified that he immediately reported that he had been hurt in an accident to a store manager, who advised him to fill out a complaint letter, or "member feedback form." The defendant's manager admitted that the plaintiff had reported an incident, but he claimed that the plaintiff had merely complained that he "almost" fell.

As early as the first day of trial, the trial judge clearly manifested his personal belief as to whether the plaintiff had, or had not, fallen. During colloquy, the trial judge stated, for example, "He didn't call for an ambulance if he was so badly hurt." We find that there is a substantial possibility that the trial judge's course of conduct during the trial may have communicated to the jury the trial judge's personal opinion concerning the believability of the plaintiff's testimony (*see Habenicht v R.K.O. Theatres,* 23 AD2d 378 [1965]; *Livant v Adams,* 17 AD2d 784 [1962]).

The accident allegedly was witnessed by the plaintiff's young stepson, Wendell. In attempting to ascertain Wendell's competency, the trial judge may have discouraged Wendell from testifying by referring to the possibility that Wendell would be "sent to . . . jail" in the event that his testimony were to turn out to be untrue. Wendell in fact ultimately refused to testify, and we find it likely that Wendell's refusal to testify was, at least in part, the product of the unduly harsh overtones of the trial judge's inquiry into his competence to testify.

Referring to Wendell's reluctance to testify in his summation, the defense counsel stated, "either that little boy really didn't remember anything at all and was put on that stand and perhaps coached in hopes that he would say something." This prompted the following exchange:

"[PLAINTIFF's COUNSEL]: I ask him to take back any implication that [counsel coached the witness].

"THE COURT: I won't but *if the shoe fits.*

"[PLAINTIFF's COUNSEL]: The shoe doesn't fit which is why I'm objecting to it.

"THE COURT: Then don't object.

"Have a seat. Have a seat. He never said you coached him or anyone.

*"Don't complain if the shoe pinches your toe."*

The defense counsel stepped over the bounds of legitimate advocacy in suggesting to the jury that the Wendell had been "coached," thus implying that the plaintiff, or his attorney, or someone under the direction of either the plaintiff or his attorney had improperly attempted to induce Wendell to lie. There is no proof that Wendell's decision not to testify was the product of a guilty conscience rather than of simple shyness, and the counsel's comments improperly diverted the attention of the jury from the evidence and improperly invited the jury to speculate (*see generally Rodriguez v New York City Hous. Auth.,* 209 AD2d 260 [1994]; *see also Weinberger v City of New York* 97 AD2d 819 [1983]). Rather than deliver an appropriate curative charge, the trial judge made comments that were ambiguous at best, and that might have been interpreted by the jurors as expressions of agreement with the accusation of "coaching" that the defense counsel had leveled against the plaintiff or his attorney. These circumstances very possibly affected the jury's verdict; counsel's remarks cannot be considered harmless (*cf. Meyers v Levine,* 273 AD2d 449 [2000]).

We also agree with the plaintiff's contention that a unified, as opposed to a bifurcated, trial was warranted in the particular facts of this case. Under the particular circumstances of this case, "the injuries themselves are probative in determining how the incident occurred, [and] a unified trial should have been ordered" (*DeGregorio v Lutheran Med. Ctr.,* 142 AD2d 543, 544 [1988], citing *Addesso v Belting Assoc.,* 128 AD2d 489 [1987]; *Roman v McNulty,* 99 AD2d 544 [1984]; *see also Lynch v Nacewicz,* 126 AD2d 708 [1987]).

The plaintiff's remaining contentions are without merit. Prudenti, P.J., Cozier, Ritter and Spolzino, JJ., concur.