■ YAKOV PECHERSKY et al., Appellants, v QUEENS SURFACE CORP. et al., Respondents. [795 NYS2d 465]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (LeVine, J.), dated October 7, 2004, as denied that branch of their motion which was for a unified trial on the issues of liability and damages.

Ordered that the order is reversed insofar as appealed from, on the law and as a matter of discretion, with costs, and that branch of the plaintiffs' motion which was for a unified trial on the issues of liability and damages is granted.

The infant plaintiff and his mother commenced this action to recover damages allegedly arising from an accident in which the infant plaintiff came into contact with a bus owned and operated by the defendants. Disclosure produced different and contradictory versions of how the accident occurred. Because the nature of the infant plaintiff's injuries are probative of the happening of the accident, a unified trial on the issues of liability and damages is warranted (*see Lind v City of New York*, 270 AD2d 315, 316 [2000]; *Roman v McNulty*, 99 AD2d 544 [1984]; *see also Vazquez v Costco Cos., Inc.*, 17 AD3d 350 [2005]; *DeGregorio v Lutheran Med. Ctr.*, 142 AD2d 543, 544 [1988]).

In light of this determination, we need not address the plaintiffs' argument that a unified trial is warranted because they intend to adduce expert evidence to support the lesser burden of proof under the *Noseworthy* doctrine (*see Noseworthy v City of New York*, 298 NY 76 [1948]). H. Miller, J.P., Ritter, Goldstein and Spolzino, JJ., concur.