■ Joy Mary Gregory, Individually and as Parent and Natural Guardian of Zachary Gregory-Street, an Infant, Appellant, v Cortland Memorial Hospital et al., Respondents. (Appeal No. 1.) [802 NYS2d 579]—

Appeal from a judgment of the Supreme Court, Cayuga County (Peter E. Corning, A.J.), entered January 27, 2004 in a medical malpractice action. The judgment, upon a jury verdict, dismissed the complaint.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff appeals from a judgment dismissing the complaint in this medical malpractice action upon a jury verdict rendered in favor of defendants. Plaintiff's four-year-old son sustained a fractured skull when he fell headfirst from a hayloft onto a concrete floor. Plaintiff's son was treated for a concussion at defendant Cortland Memorial Hospital and discharged to the care of his parents several hours after the injury. The fracture was diagnosed several months later by the family's physician when the hematoma on the skull was healed and plaintiff felt a "dent" in her son's skull. At trial, plaintiff presented evidence that her son, who was 12 years old at the time of the trial, sustained permanent brain damage as a result of the fall and that the permanent brain damage could have been abated with proper diagnosis and treatment by defendants. The jury found that defendants were negligent but that their negligence was not a proximate cause of the injuries.

Plaintiff contends on appeal that Supreme Court erred in denying her motion seeking to set aside the jury verdict on the ground that the court's charge with respect to proximate cause was confusing and contrary to law and the interest of justice. Plaintiff failed to object to the charge given in response to her objection to the court's use of the article "the" in the court's initial charge on proximate cause, and also failed to object to the definition of proximate cause provided by the court in re-

sponse to a subsequent request from the jury. Thus, plaintiff failed to preserve her contention for our review, which in any event would not warrant reversal. We agree with plaintiff that the court erred in interchanging the use of the articles "the" and "a" when instructing the jury on proximate cause inasmuch as it is error to charge that the jury must find that defendants' negligence was "the" proximate cause of the injuries (*see Brazie v Williams*, 221 AD2d 993, 994 [1995]). Following an objection by plaintiff's counsel to the use of the article "the" and a request by the jury during deliberations for "the definition of proximate cause," the court nevertheless in both instances stated that reasonable people "would regard it as the cause of the injury." The court otherwise properly used the article "a" in its charge on proximate cause (*see* PJI3d 2:70 [2005]), however, and the court thoroughly addressed plaintiff's contention that the injuries were caused by the fall and that there was a substantial possibility that the permanent brain damage could have been abated with proper diagnosis and treatment. We also note that defendants presented testimony that the treatment of plaintiff's son would not have been different had the fracture been diagnosed. In addition, we note that the verdict sheet properly included the question whether defendants' negligence was "a" proximate cause of the injuries. We thus conclude that the court's charge as a whole conveyed the correct legal standard with respect to proximate cause (*see generally Schmidt v Buffalo Gen. Hosp.*, 278 AD2d 827, 828 [2000], *lv denied* 96 NY2d 710 [2001]). Present—Green, J.P., Scudder, Kehoe, Smith and Lawton, JJ.