■ NICHOLAS D'AMATO et al., Appellants, v MEDARDO N. YAP et al., Respondents. [861 NYS2d 403]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Richmond County (Maltese, J.), dated August 15, 2007, which denied their motion for summary judgment on the issue of liability, and (2) an order of the same court (Minardo, J.) dated October 1, 2007, which denied their motion for a unified trial.

Ordered that the order dated August 15, 2007 is affirmed, without costs or disbursements; and it is further,

Ordered that the order dated October 1, 2007 is reversed, on the law and in the exercise of discretion, without costs or disbursements, and the plaintiffs' motion for a unified trial is granted.

The seven-year-old infant plaintiff Nicholas D'Amato (hereinafter Nicholas) tripped and fell while playing with friends in the basement of the home of the defendants Medardo N. Yap and Gloria Yap just after his friend, the defendant James Yap, shut off the light to the basement. When Mrs. Yap arrived home, one of James's friends told her that Nicholas had fallen in the basement on some tools and hurt his eye, and showed her the spot where he had fallen. When Nicholas went home, he told his mother that he poked himself in the eye with his finger when his hand slipped on a doorknob.

The next morning, his eye was swollen shut. After seeing his

pediatrician, Nicholas and his mother went to an eye specialist who sent them to the New York Eye and Ear Hospital, where they learned that his right eye had a ruptured globe and lacerated cornea. When the doctors who treated Nicholas rejected the explanation that he poked himself in the eye as inconsistent with the severity of his injuries, he told them that he tripped in James's house and fell onto a tool which stuck him in the eye.

The Supreme Court properly denied the plaintiffs' motion for summary judgment on the issue of liability as they failed to make a prima facie showing that, as a matter of law, a substantial cause of Nicholas' injuries was the defendants' negligence (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *cf. Grayson v Hall*, 31 AD3d 606, 607 [2006]). However, the evidence of Nicholas' injuries had an important bearing on the issue of liability, which entitled the plaintiffs to a unified trial of the issues of liability and damages (*see Pechersky v Queens Surface Corp.*, 18 AD3d 842, 843 [2005]; *Vazquez v Costco Cos., Inc.*, 17 AD3d 350, 352 [2005]; *Lind v City of New York*, 270 AD2d 315, 316 [2000]; *DeGregorio v Lutheran Med. Ctr.*, 142 AD2d 543 [1988]). Santucci, J.P., Angiolillo, Eng and Chambers, JJ., concur.