■ LAWRENCE TOTARO et al., Respondents, v STRATIS SCARLATOS, JR., Appellant, et al., Defendant. [882 NYS2d 258]—

In an action to recover damages for personal injuries, etc., the defendant Stratis Scarlatos, Jr., appeals from a judgment of the Supreme Court, Queens County (Hart, J.), entered May 5, 2008, which, in effect, upon granting the plaintiffs' motion pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability insofar as asserted against him, upon so much of an interlocutory judgment of the same court entered March 6, 2007, as was in favor of the plaintiffs and against him on the issue of liability, and upon a jury verdict on the issue of damages finding that the plaintiffs sustained compensatory damages in the principal sum of $385,000, is in favor of the plaintiffs and against him in the principal sum of $385,000.

Ordered that the judgment entered May 5, 2008 is reversed, on the law, so much of the interlocutory judgment dated March 6, 2008, as was in favor of the plaintiffs and against the appellant on the issue of liability is vacated, the plaintiffs' motion pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability insofar as asserted against the appellant is denied, and the matter is remitted to the Supreme Court, Queens County, for a new unified trial on the issues of liability and damages against the appellant, with costs to the appellant.

After the plaintiffs' application for a unified trial on the issues of liability and damages was denied, the parties proceeded to a trial on the issue of liability on the cause of action alleging assault and battery. At the conclusion of the trial on the issue of liability, the jury found that the defendant Stratis Scarlatos, Sr., did not commit an assault and battery upon the plaintiff Lawrence Totaro, but failed to reach a verdict on the issue of whether the defendant Stratis Scarlatos, Jr. (hereinafter the defendant), acted in self-defense. Nevertheless, the Supreme Court

proceeded with a trial on the issue of damages. At the trial on the issue of damages, evidence of provocation was excluded.

Since evidence of the injured plaintiff's injuries was relevant to the issue of whether the defendant acted in self-defense, there should have been a unified trial on the issues of liability and damages (*see DeGregorio v Lutheran Med. Ctr.,* 142 AD2d 543 [1988]).

Further, once the jury was deadlocked with respect to the key question of self-defense submitted to it at the trial on the issue of liability, there should have been a new trial on the issue of liability with respect to the defendant (*see* CPLR 4113 [b]; *State of New York v Exxon Corp.,* 7 AD3d 926 [2004]; *Coclin v Lane Press,* 228 AD2d 359 [1996]; *Slusarczyk v Slusarczyk,* 41 AD2d 593 [1973]; *Tannenbaum v Hoar,* 26 AD2d 980 [1966]). Furthermore, at the trial on the issue of damages, the Supreme Court erred in precluding evidence of provocation, as the jury could have considered such evidence in the mitigation of compensatory damages (*see Kiff v Youmans,* 86 NY 324, 330 [1881]; *Voltz v Blackmar,* 64 NY 440, 444-445 [1876]; *Pirodsky v Pirodsky,* 179 AD2d 1066 [1992]; *Levine v Abergel,* 127 AD2d 822, 825 [1987]; 2 NY PJI 2d 3:3). Skelos, J.P., Angiolillo, Chambers and Lott, JJ., concur.