■ CHAIM J. WINDERMAN et al., Appellants, v BROOKLYN/ MCDONALD AVENUE SHOPRITE ASSOCIATES, INC., Respondent. [925 NYS2d 637]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Schack, J.), dated March 10, 2010, which, upon a jury verdict, is in favor of the defendant and against them dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff Chaim J. Winderman (hereinafter the injured plaintiff) allegedly received an electric shock from a shopping cart owned by the defendant, Brooklyn/McDonald Avenue ShopRite Associates, Inc. Allegedly as a result of the injury, the injured plaintiff underwent ulnar nerve decompression surgery. He and his wife, suing derivatively, commenced this action against the defendant. The trial court denied the plaintiffs' motion for a unified trial, and held a bifurcated trial. Following the liability phase of the trial, the jury found that the defendant

was negligent, but that its negligence was not a proximate cause of the plaintiffs' injuries. The plaintiffs appeal, and we affirm.

The plaintiffs' claim that the trial court improperly instructed the jury on proximate cause is without merit. A jury charge is sufficient when, read as a whole, it adequately conveys the correct legal principles (*see Nestorowich v Ricotta*, 97 NY2d 393, 401 [2002]; *Casella v City of New York*, 69 AD3d 549, 550 [2010]; *Manna v Don Diego*, 261 AD2d 590, 591 [1999]; *Roshwalb v Regency Mar. Corp.*, 182 AD2d 401 [1992]). Although, on two occasions, the trial court improperly stated "the" proximate cause rather than "a" proximate cause, the trial court otherwise correctly instructed the jury on the issue of proximate cause and the verdict sheet properly included the question whether the defendant's negligence was "a substantial factor in causing the accident." We thus conclude that the trial court's charge as a whole conveyed the correct legal standard with respect to proximate cause (*see Gregory v Cortland Mem. Hosp.*, 21 AD3d 1305, 1306 [2005]), and, therefore, any error in the charge was harmless (*see Manna v Don Diego*, 261 AD2d at 591).

Further, the trial court properly conducted a bifurcated trial. Courts are encouraged to conduct bifurcated trials in personal injury actions (*see* 22 NYCRR 202.42 [a]; *Bertelle v New York City Tr. Auth.*, 19 AD3d 343, 344 [2005]). Unified trials should only be held "where the nature of the injuries has an important bearing on the issue of liability" (*Berman v County of Suffolk*, 26 AD3d 307, 308 [2006]). The decision whether to conduct a bifurcated trial rests within the discretion of the trial court, and should not be disturbed absent an improvident exercise of discretion (*see Wright v New York City Hous. Auth.*, 273 AD2d 378, 378 [2000]; *Lind v City of New York*, 270 AD2d 315, 316 [2000]; *McIver v Canning*, 204 AD2d 698, 699 [1994]). The trial court providently exercised its discretion in conducting a bifurcated trial, since the injured plaintiff's injuries did not have a bearing on the issue of liability.

The plaintiffs' remaining contentions are without merit. Rivera, J.P., Eng, Roman and Miller, JJ., concur.