▪ JOSE GALARZA, Appellant, v CROWN CONTAINER CO., INC., et al., Respondents. [934 NYS2d 465]—

At the beginning of the trial of this action, the Supreme Court denied the plaintiff's motion for a unified trial. Following the liability phase of the trial, the jury found that there was no contact between the defendants' truck and the plaintiff's right foot. Judgment was entered in favor of the defendants and against the plaintiff dismissing the complaint. The plaintiff appeals from th e judgment, and we affirm.

The Supreme Court properly conducted a bifurcated trial (*see Winderman v Brooklyn/McDonald Ave. Shoprite Assoc., Inc.*, 85 AD3d 1018, 1019 [2011]). Courts are encouraged to bifurcate issues of liability and damages in personal injury trials (*see* 22 NYCRR 202.42). A unified trial should only be conducted where the nature of the plaintiff's injuries has an "important bearing"

on the issue of liability (*D'Amato v Yap*, 53 AD3d 523, 524 [2008]; *see Totaro v Scarlatos*, 63 AD3d 1144, 1145 [2009]; *Pechersky v Queens Surface Corp.*, 18 AD3d 842, 843 [2005]).

"The party opposing bifurcation has the burden of showing that the nature of the injuries necessarily assists the factfinder in making a determination with respect to the issue of liability" (*Carbocci v Lake Grove Entertainment, LLC*, 64 AD3d 531, 532 [2009]). Here, the plaintiff's bald assertion that the nature of his injury was inextricably intertwined with the happening of the accident was insufficient to meet this burden. He failed to establish that the nature of his injuries was probative in determining how the incident occurred (*see Wahid v Long Is. R.R. Co.*, 59 AD3d 712, 713 [2009]; *Upton v Redmond Prods., Inc.*, 23 AD3d 551, 552 [2005]; *Martinez v Town of Babylon*, 191 AD2d 483, 484 [1993]; *compare Carbocci v Lake Grove Entertainment, LLC*, 64 AD3d at 532; *Pechersky v Queens Surface Corp.*, 18 AD3d 842 [2005]). Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiff's motion for a unified trial, since the plaintiff's injuries did not have a bearing on the issue of liability (*see Winderman v Brooklyn/McDonald Ave. Shoprite Assoc., Inc.*, 85 AD3d at 1019; *Wahid v Long Is. R.R. Co.*, 59 AD3d at 712; *Berman v County of Suffolk*, 26 AD3d 307, 308 [2006]; *Vigmostad v County of Suffolk*, 293 AD2d 671 [2002]).

Further, "[j]ury interrogatories must be based on claims supported by the evidence" (*Spagnole v Staten Is. Univ. Hosp.*, 77 AD3d 816 [2010]; *see Restagno v Horwitz*, 46 AD3d 533, 535 [2007]; *Marzuillo v Isom*, 277 AD2d 362, 363 [2000]). Here, the plaintiff testified at trial that the garbage truck hit his left side and then went over his right foot with its right wheel. Contrary to the plaintiff's contention, given this testimony, the first interrogatory submitted to the jury by the Supreme Court which asked whether an accident occurred in which the plaintiff's right foot came into contact with the defendants' truck was proper (*see Siegel v Champion Parts*, 297 AD2d 796, 797 [2002]; *Fallon v Damianos*, 192 AD2d 576, 577 [1993]). Florio, J.P., Hall, Austin and Cohen, JJ., concur.