■ ANTHONY MINARDO, an Infant, by His Father and Natural Guardian, FRANK MINARDO, et al., Appellants, v ESTATE OF JOHN MUSSIO et al., Defendants, and BAY RIDGE HOSPITAL,

Respondent.—In a medical malpractice action, plaintiff Anthony Minardo appeals, as limited by his notice of appeal and amended brief, from so much of a judgment of the Supreme Court, Kings County (Pino, J.), dated June 24, 1983, as, upon a motion for judgment during trial, is in favor of defendant Bay Ridge Hospital and against him.

Judgment affirmed, insofar as appealed from, without costs or disbursements.

The court properly granted judgment during trial in favor of defendant Bay Ridge Hospital (see, CPLR 4401). On appeal, it is argued that the jury could have found the hospital liable for the injuries sustained by the infant plaintiff because of the failure of the hospital staff to contact a pediatrician at some point after 2:30 P.M. on November 2, 1970, when the infant's condition allegedly took a turn for the worse. Although a codefendant pediatrician testified that he should have been called at that time, he did not testify that the failure to do so was a departure from accepted medical practice. Even assuming that such failure was a departure from accepted medical practice, the record is devoid of proof that if a pediatrician had been notified of the change in the infant's condition, curative steps could have in fact been taken. We find, furthermore, that even assuming such curative measures would in fact have been taken at that point, there is no proof that any such measures would have prevented or minimized the injuries ultimately suffered by the infant plaintiff. Thus, there was a failure of proof on the element of causation with respect to the hospital's allegedly negligent omission, and without such proof, there was failure to establish a prima facie case (see, Weiss v Zuckerman, 114 AD2d 895; Mertsaris v 73rd Corp., 105 AD2d 67; Kinch v Adams, 46 AD2d 467, affd 38 NY2d 792). Lazer, J. P., Mangano, Brown and Lawrence, JJ., concur.