■ ALBERTYNE JORDAN, Individually and as Administratrix of the Estate of DEBRA JORDAN, Deceased, Appellant, v ANGELO PARRINELLO et al., Respondents, et al., Defendants.—In an action to recover damages for personal injuries, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Lonschein, J.), dated February 29, 1988, which, upon the motion of the defendants Parrinello, made at the close of the plaintiff's case, dismissed the complaint as against them.

Ordered that the order and judgment is affirmed, with costs.

Contrary to the plaintiff's contention, the trial court did not err in curtailing the attempts by her counsel to impeach the defendant Angelo Parrinello whom the plaintiff called as a hostile witness. It is well established that when an adverse party is called as a witness, it may be assumed that such adverse party is a hostile witness, and, in the discretion of the court, direct examination may assume the nature of cross-examination by the use of leading questions. However, a party may not impeach the credibility of a witness whom he calls *(see, Becker v Koch,* 104 NY 394) unless the witness made a contradictory statement either under oath or in writing *(see,* CPLR 4514). On this point we note that the trial court did recognize the exception to the rule when it permitted the plaintiff's counsel to attempt to impeach his witness with the latter's deposition testimony.

We further note that the record does not support the plaintiff's allegations that the Trial Judge "coached" the defendant's counsel, or that it "rehabilitated" a witness. At no point in the trial did the Trial Judge exhibit any bias in favor of either party, and his occasional questioning of witnesses served merely to clarify and/or expedite testimony. As has frequently been held, "[a] Trial Judge may 'assume an active role in the examination of witnesses where proper or necessary * * * to facilitate or expedite the orderly progress of the trial' " *(Accardi v City of New York,* 121 AD2d 489, 491, quoting from *People v Ellis,* 62 AD2d 469, 470).

Finally, given the fact that the case at bar is not a wrongful death action and the death of the plaintiff's decedent was not caused by the accident, the plaintiff is incorrect in her contention that the lower standard of proof established for victims who have died as a result of a defendant's negligence should be applied *(cf., Noseworthy v City of New York,* 298 NY 76). In any event, before such a "lesser burden" comes into play, "there must be some showing of negligence, however slight", on the part of the defendant *(Wank v Ambrosino,* 307 NY 321, 323-324). In the instant case, the plaintiff failed to demonstrate that the defendants Parrinello had been negligent in any respect, so that, even viewing the evidence in the light most favorable to the plaintiff, there was no rational process by which a jury could have found in her favor, and the complaint was properly dismissed as against them. Mollen, P. J., Thompson, Brown and Eiber, JJ., concur.