ALPHA DISPLAY PAGING,
INC., Appellant,

v.

MOTOROLA COMMUNICATIONS AND
ELECTRONICS, INC.; Motorola,
Inc., Appellees.

No. 88–1447.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 17, 1988.

Decided Feb. 17, 1989.

J. Richard McEachern, St. Louis, Mo., for appellant.

Garrett B. Johnson, Chicago, Ill., for appellees.

Before McMILLIAN and BOWMAN, Circuit Judges, and HENLEY, Senior Circuit Judge.

McMILLIAN, Circuit Judge.

Alpha Display Paging, Inc. (Alpha), appeals from a final judgment entered in the District Court[1] for the Eastern District of Missouri, upon a jury verdict, in favor of Motorola Communications and Electronics, Inc. and Motorola, Inc. (Motorola) on Alpha's complaint of breach of contract and fraud. For reversal, Alpha argues that the district court erred in (1) misstating the elements of fraud in the jury instructions and misreading the instructions; (2) admitting evidence as to the net worth of Alpha's shareholders, admitting evidence of Alpha's Subchapter S tax status, and allowing cross-examination of Alpha's expert concerning his alleged unethical conduct; (3) allowing Motorola to use leading questions in the cross-examination of one of its employees; and (4) denying its motion for new trial on the grounds that the jury verdict was against the clear weight of the evidence. For the reasons discussed below, we affirm the judgment of the district court.

Alpha is a Missouri corporation that operates a paging service on the 900 megahertz (MHz) frequency range, which became available in the St. Louis area in 1983. Motorola Communications and Electronics, Inc. is a subsidiary of Motorola, Inc. (Motorola). Motorola manufactures and sells paging equipment, among other products. Early in 1983 Alpha applied for and received a license from the Federal Communications Commission (FCC) to construct a radio paging system on the newly opened frequency.

Alpha planned to eventually provide its customers with alphanumeric pagers. An alphanumeric pager, unlike traditional tone and voice pagers, can receive, display, and store a full-text English language message. At the time Alpha received its license from the FCC, such pagers were available for the lower, more established frequencies, but none had been developed for the 900 MHz frequency. Nevertheless, Alpha's founder, Todd Kamp, chose the name "Alpha Display Paging, Inc." to suggest that the alphanumeric pager would be available to its customers. He also procured from Motorola a black and white photograph of one of its alphanumeric pagers to use in Alpha's yellow page advertisement.

On May 26, 1983, Alpha ordered a terminal, the necessary transmitters, and fifty Dimension 1000 tone and voice pagers from

---

1. The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri.

Motorola. Motorola sales representative Bob Bauer had told Kamp that the Dimension 1000 was the only 900 MHz pager Motorola manufactured at that time but that Motorola planned to develop a complete line of pagers for the 900 MHz frequency. At the same time, Bauer also informed Kamp that the future development of a 900 MHz alphanumeric pager would depend upon market demand. Alpha submitted a separate order to Motorola for the 900 MHz alphanumeric pager in an attempt to convince Motorola that demand for the non-existent product existed. Motorola never accepted the order for the 900 MHz alphanumeric pager.

In June 1983 Kamp met Bob Schwendeman from Motorola's paging division. When Kamp told Schwendeman about the order for the 900 MHz alphanumeric pagers, Schwendeman told Kamp that no delivery schedule for these pagers had been set. After the discussion with Schwendeman, Kamp placed both May 26, 1983, orders on hold.

Later that month Kamp wrote a letter to Motorola asking either for a firm commitment to manufacture the 900 MHz alphanumeric pager or for assurance that the previously-ordered Motorola terminal could be adapted to fit other manufacturers' 900 MHz alphanumeric pagers, should any be developed.

Ron Smith, a Motorola employee, responded to Kamp's inquiry in a letter explaining that Motorola still planned to produce the alphanumeric pager for the 900 MHz frequency and that the terminal Kamp had ordered could be adapted to signal other manufacturers' pagers. Motorola did in fact adapt Alpha's terminal as Alpha requested.

On August 23, 1983, Alpha submitted a new order for 900 MHz tone and voice paging equipment that Motorola had offered to Alpha at a special price. This order was accepted by Motorola, and Alpha built its paging system which became operational in the fall of 1984. However, Motorola subsequently suffered a loss on the lower frequency alphanumeric pagers that it had already produced for sale. For that reason, Motorola never completed its plans to produce the 900 MHz alphanumeric pager even though it had designed and built a prototype. Alpha filed suit alleging that it had lost two million dollars in profits because Motorola had breached a contract to produce the alphanumeric pager and had fraudulently represented that the alphanumeric pager would be developed.

*Jury Instructions*

■ Alpha argues that the district court incorrectly stated the law of fraud in the instructions given to the jury. The district court added this sentence to the instructions submitted by Alpha: "In order to find the defendant guilty of fraud, the jury must find the defendant made a false representation of a past or existing fact." Motorola argues that the instruction given correctly stated Missouri law on fraud because the "existing fact" in issue was Motorola's existing intent, or lack thereof, to develop the 900 MHz alphanumeric pager. We agree.

In *Craft v. Metromedia, Inc.*, 766 F.2d 1205 (8th Cir.1985), *cert. denied*, 475 U.S. 1058, 106 S.Ct. 1285, 89 L.Ed.2d 592 (1986), this court held, "statements of present intent may be representations of fact, which, if false, will support fraud claims under Missouri law." *Id.* at 1218, *citing Kansas State Bank v. Citizens Bank of Windsor*, 737 F.2d 1490, 1498 (8th Cir.1984), *White v. Mulvania*, 575 S.W.2d 184, 188 (Mo.1978) (banc). The instruction as given correctly states Missouri law on fraud.

■ Alpha further argues that the district court erred reversibly in misreading the jury instruction on fraud. The district court twice mistakenly read "defendant" where "plaintiff" should have been read. Motorola argues that Alpha has waived objection to the mistaken reading by failing to object at trial. We agree.

Fed.R.Civ.P. 51 provides:

No party may assign as error the giving or the failure to give an instruction unless that party objects thereto before the jury retires to consider its verdict[.]

Rule 51 does not explicitly address the necessity of objecting to misread instructions.

However, the same considerations that make it necessary to object to the giving of or the failure to give an instruction would apply with equal weight to the misreading of an instruction. For that reason we must review this assertion of error under the plain error standard of review. *See Mid–America Food Service, Inc. v. ARA Services, Inc.*, 578 F.2d 691, 696 (8th Cir.1978). That is, the error in a jury instruction not properly objected to is waived unless a miscarriage of justice would otherwise result. We hold that in the instant case, the misreading of the jury instruction was not so grave that a miscarriage of justice resulted. The jury was well aware of the alignment of parties in this case and could not have been confused by the misreading.

## Cross-examination of Alpha's Witnesses

■ Alpha argues that the district court erred in allowing Motorola to cross-examine Alpha's expert witnesses concerning the net worth of Alpha's shareholders and its Subchapter S corporate structure. Motorola argues that Alpha had opened the door to this line of inquiry during direct examination. We agree.

On direct examination, Alpha's expert, Dr. James, testified that he had considered the wealth of Alpha's shareholders when he analyzed the ability of Alpha to succeed as a business. He testified that he had analyzed their financial statements to determine whether the shareholders could contribute enough capital to make Alpha a going concern. For that reason, Motorola could properly cross-examine James concerning these same financial statements. *See Villanueva v. Leininger*, 707 F.2d 1007, 1010 (8th Cir.1983).

■ Likewise the cross-examination concerning the Subchapter S organization of Alpha was proper. Alpha had previously admitted into evidence documents which revealed the nature of Alpha's corporate organization. The district court properly exercised its discretion in allowing the cross-examination.

■ Alpha further argues that the district court erred in allowing Motorola's cross-examination of an accounting expert.

Motorola questioned the expert to determine whether he had complied with the ethical provisions governing forecasts made by accountants. The cross-examination was proper because it elicited testimony that could help the jury determine what weight to give the expert's testimony.

## Cross-examination of Friendly Witness

■ Alpha argues that the district court erred in allowing Motorola to use leading questions in the cross-examination of Robert Bauer, a Motorola employee, because Bauer had been called by Alpha as a witness identified with an adverse party. We disagree.

Fed.R.Evid. 611(c) provides:
Leading questions should not be used on the direct examination of a witness.... Ordinarily leading questions should be permitted on cross-examination. When a party calls a ... witness identified with an adverse party, interrogation may be by leading questions.

Generally, when a witness identified with an adverse party is called, the roles of the parties are reversed. Leading questions would be appropriate on direct examination but not on cross-examination. Nevertheless, a district court must be given great discretion in governing the mode of interrogating witnesses. We hold that the district court did not abuse its discretion in allowing Motorola to use leading questions during the cross-examination of Bauer. *See Haney v. Mizell Memorial Hospital*, 744 F.2d 1467, 1478 (11th Cir.1984).

## Motion for New Trial

Alpha argues that the district court abused its discretion in denying its motion for new trial on the grounds that the jury verdict in this case is against the clear weight of the evidence. Specifically, Alpha argues that it proved fraud and breach of contract by introducing evidence that (1) Bauer submitted the order for the 900 MHz alphanumeric pager even though no such machine existed; (2) Bauer gave Alpha a photograph of an alphanumeric pager for Alpha's yellow page advertisement; and (3) Ronald Smith, a Motorola employee, stated

in a letter to Alpha that a full family of pagers would be developed for the 900 MHz frequency. Alpha argues that the district court should have overturned the jury verdict on the basis of this evidence. We disagree.

 A motion for a new trial on the basis that the verdict is against the weight of the evidence is committed to the sound discretion of the court. *SCNO Barge Lines, Inc. v. Anderson Clayton & Co.,* 745 F.2d 1188, 1193 (8th Cir.1984).

Motorola presented ample evidence from which the jury could have reasonably concluded that Motorola breached no contract and committed no fraud.

For that reason we hold that the district court did not abuse its discretion in denying Alpha's motion for a new trial.

Accordingly, the judgment of the district court is affirmed.