■ NAOMI RANDOLPH, Appellant, v LONG ISLAND COLLEGE HOSPITAL et al., Respondents. [651 NYS2d 172] —In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Douglass, J.), dated October 18, 1995, which, after a jury verdict in favor of the defendants, denied the plaintiff's motion to set aside the verdict and for a new trial. Justice McGinity has been substituted for the late Justice Hart (*see,* 22 NYCRR 670.1 [c]).

Ordered that the order is affirmed, with costs.

Contrary to the plaintiff's contention, the court properly declined to include the plaintiff's second proposed interrogatory in its charge to the jury (*see, Fallon v Damianos,* 192 AD2d 576). The record is devoid of any evidence that the defendant doctor's failure to examine the plaintiff or perform any tests at the time of a post-operative procedure was a deviation or departure from accepted medical practice (*see, Minardo v Estate of Mussio,* 116 AD2d 701). Even assuming that such failure was a departure from accepted medical practice, and that curative steps could and would have been taken, there is no proof that any such measures would have prevented or minimized the injuries ultimately suffered by the plaintiff (*see, Minardo v Estate of Mussio, supra*). Thus, with regard to the plaintiff's second theory of liability, there was a failure of proof as to the requisite elements necessary to sustain a cause of action to recover damages for medical malpractice, i.e. that a deviation or departure from accepted practice was a proximate cause of the injury or damage (*see, Amsler v Verrilli,* 119 AD2d 786). Accordingly, the court properly denied the plaintiff's motion to set aside the verdict and for a new trial (*see, Davis v Caldwell,* 54 NY2d 176, 180). Miller, J. P., Altman, Goldstein and McGinity, JJ., concur.