■ KAREN MARZUILLO et al., Appellants, v O. WAYNE ISOM et al., Respondents. [716 NYS2d 98] —In an action to recover damages for personal injuries, etc., based on medical malpractice, the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Garry, J.), entered July 23, 1998, which, upon a jury verdict, is in favor of the defendants and against them, dismissing the complaint.

Ordered that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The defendant O. Wayne Isom, M.D., performed an aortic valve replacement on the plaintiff John Marzuillo (hereinafter Marzuillo) at the defendant New York Hospital on October 1, 1991. The defendant Ira Shulman, M.D., was the cardiologist involved in Marzuillo's care while he was at New York Hospital. Marzuillo was discharged on October 8, 1991, with directions to take the prescription drug Inderal. On October 9, 1991, he suffered cardiac arrest and consequent brain damage.

To establish their claim of medical malpractice, the plaintiffs called the defendant doctors to testify and, in so doing, rendered them hostile witnesses who could be cross-examined (*see, Becker v Koch,* 104 NY 394; *Jordan v Parrinello,* 144 AD2d 540). However, the plaintiffs had no right to impeach their own witnesses (*see, People v Guy,* 223 AD2d 723; *Jordan v Parrinello, supra*) and the plaintiffs' claim that the court improperly limited cross-examination is unfounded.

The court properly limited the experts' testimony to facts in evidence or fairly inferable therefrom (*see, Gilleo v Horton Mem. Hosp.,* 196 AD2d 569; *Stringile v Rothman,* 142 AD2d 637), and did not submit improper interrogatories to the jury. The court properly refused to submit interrogatories requested by the plaintiffs where the proposed theory of liability lacked supporting proof (*see, Davis v Caldwell,* 54 NY2d 176, 180; *Fallon v Damianos,* 192 AD2d 576), as interrogatories must be focused on claims supported by the evidence (*see, Zimmerman v Jamaica Hosp.,* 143 AD2d 86).

The plaintiffs' remaining contentions are without merit. Thompson, J. P., Luciano, Feuerstein and Schmidt, JJ., concur.