■ EDWARD D. CAMMAROTA, Appellant, v RALPH H. DRAKE, JR., Respondent, et al., Defendants. [727 NYS2d 809] —Rose, J. Appeal from an order of the Supreme Court (Keegan, J.), entered May 4, 2001 in Albany County, and made effective nunc pro tunc, as of July 11, 2000, the date of the decision of the Supreme Court (Lynn, J.H.O.), upon a decision of the court in favor of defendant Ralph H. Drake, Jr.*

Plaintiff commenced this action to foreclose a mortgage securing repayment of a note in the amount of $150,000 executed by defendant Ralph H. Drake, Jr. (hereinafter defendant). Defendant answered and asserted as an affirmative defense that "[p]laintiff's debt has been paid." At a nonjury trial of the ac-

---

* Supreme Court's decision had not been reduced to an order or entered at the time this appeal was initiated. While the appeal was pending, however, an order was entered nunc pro tunc dismissing the complaint effective as of the date of the decision.

tion and over plaintiff's objection, defendant presented proof of another agreement (hereinafter the construction contract) between the parties pursuant to which defendant and his company were to provide construction services at the Birch Knolls development in the Town of Clifton Park, Saratoga County. Asserting that such services had been provided and not otherwise paid for, defendant established to Supreme Court's satisfaction that the indebtedness owed to plaintiff had been paid. Finding that the mortgage was thus satisfied, Supreme Court dismissed the complaint. Plaintiff appeals.

We disagree with plaintiff's contention that failure to plead the affirmative defense of offset precluded defendant from offering evidence of payment of the note through application of moneys payable under the construction contract. The record reflects that, prior to trial, plaintiff sought discovery regarding the construction contract, details of the defense were disclosed and the issue was discussed at a pretrial conference. It also is significant that the construction contract expressly referenced defendant's prior indebtedness to plaintiff and provided for application of a portion of the payments for the construction work to the existing debt. Moreover, while plaintiff's counsel argued at trial that consideration of the construction contract was "inappropriate," he did not claim surprise or prejudice in objecting to such proof of payment of the mortgage debt (see, Ward v City of Schenectady, 204 AD2d 779, 781). While recognizing that the affirmative defenses of payment and offset are distinguishable, we find that Supreme Court did not err in concluding that the affirmative defense asserted in defendant's answer was sufficient to put plaintiff on notice of the nature of the defense presented at trial (see, CPLR 3013).

We do, however, find merit in plaintiff's contention that Supreme Court erred in concluding that plaintiff had vouched for defendant's credibility by calling him as a witness and then resolving issues of credibility in defendant's favor based on that mistaken conclusion. Even if it were true that plaintiff was afforded a full opportunity to cross-examine defendant, we would still be constrained to find that Supreme Court erred in apparently resolving issues of credibility based on a misconception of a rule of evidence. The general rule prohibiting a party from impeaching his or her own witness (see, e.g., Hanrahan v New York Edison Co., 238 NY 194, 198) does not apply where the witness is an adverse party (see, Kelly v Wasserman, 5 NY2d 425, 428-429; see also, Becker v Koch, 104 NY 394; see generally, Prince, Richardson on Evidence §§ 6-419, 6-425, at 426-427, 434 [Farrell 11th ed]). Since the examining party may

claim that the adverse party witness is mistaken, present contradictory evidence and otherwise impeach the witness (*see, People v Reed*, 40 NY2d 204, 207; *Spampinato v A. B. C. Consol. Corp.*, 35 NY2d 283, 286-287; *Jordan v Parrinello*, 144 AD2d 540, 541), no presumption of the honesty or credibility of such a witness arises.

At trial here, plaintiff called defendant as his first witness, but elicited testimony only as to defendant's execution of the subject note and mortgage in order to introduce those documents into evidence. Review of the trial transcript reveals that on at least two occasions thereafter, Supreme Court voiced its view that defendant's credibility as to other matters could not be questioned because plaintiff had previously called him as a witness. Most critically, the court's written decision stated that the issue of whether defendant had established his affirmative defense "largely * * * depends on whether or not I find the defendant to be an honest witness" and that, by calling defendant as a witness, "plaintiff has thereby vouched for his veracity and he cannot be impeached." Thus, the court expressed its belief that defendant's credibility was impervious to challenge before determinating the substantive merit of defendant's defense. While it was within the trial court's discretion to find that plaintiff's memory of events was unreliable and that plaintiff's evidence failed to prove that defendant's testimony was inaccurate, it was error to presume defendant's honesty from the mere fact that plaintiff had called defendant as a witness regarding other matters. The error not having been shown to be harmless, we find that Supreme Court's improper assessment of witness credibility requires reversal and a new trial. This finding makes it unnecessary to consider plaintiff's remaining contentions concerning defendant's substantial performance of the construction contract and entitlement to payment for certain change orders.

Finally, we note that Supreme Court's decision is also deficient for its failure to make specific findings as to the amounts owed to defendant under the construction contract. As a result, the record would not permit us to review the correctness of Supreme Court's conclusions that the contract was substantially performed and that those amounts fully offset the mortgage debt.

Crew III, J. P., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, with costs, and matter remitted to the Supreme Court for a new trial.