PATRICIA F. Fox et al., Appellants, v ROSEMARY TEDESCO et al., Respondents. [789 NYS2d 742]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Berkowitz, J.), dated September 15, 2003, which, upon a jury verdict on the issue of liability, and upon the denial of their motion pursuant to CPLR 4404 (a) to set aside the verdict and for a new trial, is in favor of the defendants and against them, dismissing the complaint.

Ordered that the judgment is reversed, on the law and as a matter of discretion, the motion is granted, the verdict is set aside, the complaint is reinstated, and the matter is remitted to the Supreme Court, Nassau County, for a new trial on the issue of liability, with costs to abide the event.

The plaintiffs contend that they were deprived of a fair trial by the cumulative impact of several of the Supreme Court's evidentiary rulings. We agree. The Supreme Court erred in finding that the MV-104 motor vehicle accident report, filed by the defendant Rosemary Tedesco (hereinafter the defendant driver), was not admissible in evidence. The accident report was properly certified, and should have been received into evidence as an admission by the defendant driver (*see Bando-Twomey v Richheimer,* 229 AD2d 554 [1996]; *Lynch v Fleming,* 115 AD2d 712 [1985]; *Castellano v Citation Cab Corp.,* 35 AD2d 842 [1970];

*Welde v Wolfson,* 32 AD2d 973 [1969]; *Carter v Castle Elec. Contr. Co.,* 26 AD2d 83 [1966]).

The Supreme Court also erred in refusing to permit the defendant driver to be treated as a hostile witness. Where, as here, "an adverse party is called as a witness, it may be assumed that such adverse party is a hostile witness, and, in the discretion of the court, direct examination may assume the nature of cross-examination by the use of leading questions" (*Jordan v Parrinello,* 144 AD2d 540, 541 [1988]; *see Marzuillo v Isom,* 277 AD2d 362 [2000]). Moreover, the general rule prohibiting a party from impeaching his or her own witness does not preclude a hostile witness from being impeached by prior statements made either under oath or in writing (*see* CPLR 4514; *Cammarota v Drake,* 285 AD2d 919 [2001]; *Jordan v Parrinello, supra*). Accordingly, the Supreme Court should not have limited the plaintiffs' attempts to cross-examine the defendant driver, and impeach her with alleged inconsistencies in her MV-104 accident report and deposition testimony.

Although not preserved for appellate review, we further note that the Supreme Court's charge should not have referred to "the proximate cause" rather than "a proximate cause," since it implied that there could only be one proximate cause of the accident (*see Capicchioni v Morrissey,* 205 AD2d 959 [1994]; *Galioto v Lakeside Hosp.,* 123 AD2d 421, 422 [1986]; *see also Liebgott v City of New York,* 213 AD2d 606 [1995]).

In light of our determination, we do not reach the plaintiffs' remaining contention. Florio, J.P., Krausman, Goldstein and Mastro, JJ., concur.