DOMINICK RESTAGNO, Appellant, v JONATHAN HORWITZ et al., Respondents. [846 NYS2d 615]—

In an action to recover damages for medical malpractice, the

plaintiff appeals from (1) an order of the Supreme Court, Queens County (Satterfield, J.), dated August 1, 2006, which denied his motion pursuant to CPLR 4404 to set aside a jury verdict in favor of the defendants and for a new trial, and (2) a judgment of the same court entered September 22, 2006, which, upon a jury verdict, and upon the order, is in favor of the defendants and against him dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

On March 21, 2002 the infant plaintiff presented to the defendant Bayside Pediatric Specialists, P.C. (hereinafter BPS) where the defendant doctors, Jonathan Horwitz and Grace Nunez-Russotto were employed. On that date, the plaintiff was examined by Horwitz and diagnosed with an upper respiratory infection. On March 24, 2002 the plaintiff was examined by Nunez-Russotto and was again diagnosed with an upper respiratory infection. On March 28, 2002 the plaintiff flew to Arizona and the following day was diagnosed with left orbital cellulitis, an uncommon bacterial infection that had spread to his left eye. As a result, the plaintiff permanently lost vision in his left eye. He commenced this action against Horwitz, Nunez-Russotto, and BPS to recover damages for medical malpractice.

To recover damages for medical malpractice, a plaintiff must establish a deviation or departure from accepted medical practice, and that such deviation or departure was a proximate cause of the injuries (*see Furey v Kraft*, 27 AD3d 416 [2006]; *Anderson v Lamaute*, 306 AD2d 232, 233 [2003]; *DiMitri v Monsouri*, 302 AD2d 420, 421 [2003]). During the jury trial, the plaintiff elicited expert testimony regarding various alleged departures from accepted medical practice by the individual defendants. After the plaintiff rested, the defendants moved to dismiss the complaint on the ground that the plaintiff failed to establish a nexus between the alleged departures and the plaintiff's injuries.

The Supreme Court properly limited the plaintiff's theory of liability to whether Horwitz and Nunez-Russotto failed to timely

prescribe antibiotics to the plaintiff on March 21, 2002 and March 24, 2002, respectively. Although the plaintiff elicited expert testimony alleging that the individual defendants departed from accepted medical practice, the experts failed to explain how those alleged departures resulted in the plaintiff's injuries (*see Falotico v Frankel*, 232 AD2d 607 [1996]). As a result, the Supreme Court properly declined to submit to the jury the numerous interrogatories contained in the plaintiff's proposed verdict sheet, as those theories of recovery lacked supporting proof relating to causation (*see Marzuillo v Isom*, 277 AD2d 362 [2000]; *Randolph v Long Is. Coll. Hosp.*, 234 AD2d 441 [1996]).

The plaintiff's remaining contention is without merit. Spolzino, J.P., Krausman, Goldstein and Dickerson, JJ., concur.