■ Donna Elliot Ferri, Respondent, v Anthony S. Ferri, Appellant. [878 NYS2d 67]—

In an action for a divorce and ancillary relief, the defendant appeals from (1) so much of a judgment of the Supreme Court, Westchester County (Giacomo, J.), dated September 28, 2007, as awarded the plaintiff the sum of $2,000 per month in maintenance through September 2010 and $3,260 per month in child support, imputed income to him, and valued his ownership of four businesses at $953,641 and awarded the plaintiff 30% of that value, and (2) an order of the same court dated May 8, 2008, which granted that branch of the plaintiff's motion which was to hold him in contempt for failure to provide proof of an insurance policy and Ordered the execution of a money judgment in the amount of $70,439.14 for amounts he failed to pay the plaintiff pursuant to the judgment.

Ordered that the judgment is affirmed insofar as appealed from; and it is further;

Ordered that the order is affirmed; and it is further;

Ordered that one bill of costs is awarded to the plaintiff.

The Supreme Court properly permitted the defendant to be treated as a hostile witness at the trial. Where, as here, "an adverse party is called as a witness, it may be assumed that such adverse party is a hostile witness, and, in the discretion of the court, direct examination may assume the nature of cross-examination by the use of leading questions" (*Fox v Tedesco*, 15 AD3d 538, 538 [2005]; *see Jordan v Parrinello*, 144 AD2d 540, 541 [1988]; *Marzuillo v Isom*, 277 AD2d 362 [2000]). Moreover, the general rule prohibiting a party from impeaching his or her own witness does not preclude a hostile witness from being impeached by prior statements made either under oath or in writing (*see* CPLR 4514; *Cammarota v Drake*, 285 AD2d 919

[2001]; *Jordan v Parrinello*, 144 AD2d 540 [1988]). The Supreme Court did not improvidently exercise its discretion in allowing the plaintiff's counsel to question the defendant, who was an adverse party, in the nature of cross-examination, and to impeach him with alleged inconsistencies in his prior statements.

We reject the defendant's contention that the amount and duration of the maintenance award was excessive. "[T]he amount and duration of maintenance is a matter committed to the sound discretion of the trial court, and every case must be determined on its own unique facts" (*Wortman v Wortman*, 11 AD3d 604, 606 [2004]; *see DiBlasi v DiBlasi*, 48 AD3d 403 [2008]). "The overriding purpose of a maintenance award is to give the spouse economic independence, and it should be awarded for a duration that would provide the recipient with enough time to become self-supporting" (*Sirgant v Sirgant*, 43 AD3d 1034, 1035 [2007]; *see DiBlasi v DiBlasi*, 48 AD3d 403 [2008]; *Scarlett v Scarlett*, 35 AD3d 710 [2006]). The award of maintenance in the sum of $2,000 per month through September 2010 was appropriate in amount and duration to allow the plaintiff to become self-supporting.

The defendant's remaining contentions are without merit. Prudenti, P.J., Dillon, Covello and Leventhal, JJ., concur.