Judgment, Supreme Court, New York County (Charles E. Ramos, J.), entered July 2, 2013, awarding petitioner Colorado Energy Management, LLC (CEM) $1,000,000 pursuant to an order, same court and Justice, entered April 11, 2013, which granted petitioner’s motion to confirm the portion of an arbitration award dated January 13, 2012, awarding CEM $1,000,000 and to vacate the portion awarding respondent Lea Power Partners, LLC (LPP) damages in the amount of $22,043,302, unanimously affirmed, with costs. Appeal from the aforesaid order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
LPP demanded arbitration through the American Arbitration Association (AAA) pursuant to an arbitration clause in an Engineering, Procurement and Construction (EPC) Agreement between itself and CEM. In the demand, LPP alleged that CEM committed gross negligence consisting of nine alleged breaches of the EPC Agreement. In the accompanying AAA notice of arbitration, LPP described the dispute by stating that “CEM failed to perform in a manner of a qualified and experienced EPC Contractor, and its failures were so significant as to be gross negligence resulting in the project construction costs increasing from $272,000,000 to $415,000,000 currently.” The damages sought by LPP consisted of cost overruns and consequential damages. CEM counterclaimed for a cost bonus incentive fee of $12,596,173 allegedly due under the EPC Agreement, a $1 million development fee that was allegedly due under a separate Joint Development Agreement (JDA), and defamation.
CEM moved the AAA for a dismissal of LPP’s claim on the ground that, absent gross negligence, LPP’s claims for damages were barred by the provisions of the EPC Agreement. CEM cited paragraph 4.4.3 of the agreement which provides that CEM’s obligation to share responsibility for overruns in the manner prescribed by articles 4.3 and 4.4 was to be CEM’s only obligation and LPP’s exclusive remedy for a contract sum that exceeds the target price set forth in the agreement. CEM also relied upon paragraph 12.7 of the agreement which capped CEM’s total liability at $22,043,302, except for liability arising out of gross negligence and other exceptions that are not relevant to this appeal. Accordingly, CEM argued before the AAA that, in the absence of gross negligence, its liability under the EPC Agreement should be limited to the loss of $9,447,129 in *563 incentive fees that it had already forfeited and the additional forfeiture of the $12,596,173 cost bonus incentive fee that was the subject of its first counterclaim.
LPP opposed the motion to dismiss its claims, arguing at the end of its memorandum of law: “Assuming the veracity of these factual allegations, as is required, the Arbitrator can only conclude that LPP’s claims are sufficient to fit within a cognizable legal theory of gross negligence. Given OEM’s experience and the assurances provided to LPP about its capabilities, OEM’s failures meet the defined standard of gross negligence.” By order dated May 11, 2010, Steven A. Arbittier, the originally assigned arbitrator, denied OEM’s motion to dismiss LPP’s claims as well as LPP’s motion to dismiss OEM’s counterclaims. In denying OEM’s motion, Mr. Arbittier reasoned: “The allegations in LPP’s demand for arbitration, which must be taken as true at this stage of the case, state a claim for gross negligence which, if proven, could form the basis [*] for the recovery of causally related damages notwithstanding the limitations on liability and damages in the EPC contract” (emphasis added). Mr. Arbittier also determined that OEM’s claim for a $1 million development fee was arbitrable under paragraph 11.1.1 of the EPC Agreement because it involved the parties and arose out of a related contract. It is undisputed that Mr. Arbittier’s decision was never vacated and has not been challenged in the court below.
Mr. Arbittier passed away in May 2011 and the arbitration hearing was conducted in September of that year before Peter B. Bradford, the successor arbitrator. In rendering his reasoned award, Mr. Bradford concluded that LPP’s cost overruns were not the result of gross negligence on the part of OEM. Mr. Bradford, however, concluded that OEM “breached the EPC agreement causing cost overrun damages well beyond the $22 million cap.” Accordingly, Mr. Bradford awarded LPP $22,043,032 and awarded OEM $1,000,000 on its counterclaim under the JDA. The awards were recited to be in full settlement of the remaining claims and counterclaims. The IAS court granted OEM’s petition by vacating the $22,043,032 award to LPP and confirming the $1 million award to OEM. We affirm.
Under the Federal Arbitration Act (9 USC § 1 et seq.), which *564 the parties invoke, an arbitration award may be vacated where the arbitrators exceeded their powers (Fahnestock & Co., Inc. v Waltman, 935 F2d 512, 515 [2d Cir 1991], cert denied 502 US 942 [1991]). Accordingly, where arbitrators rule on issues not presented to them by the parties, they have exceeded their authority and the award must be vacated (id.). The arbitration demand, the prehearing motion practice and Mr. Arbittier’s decision make it clear that gross negligence was the only claim by LPP that was presented to Mr. Bradford for a hearing. Therefore, Mr. Bradford exceeded his authority by finding that CEM breached the EPC Agreement and awarding damages for cost overruns. Notwithstanding that we reject CEM’s arguments that Mr. Bradford’s determination was in manifest disregard of the law or that it was affected by an evident material miscalculation, we find that the award for cost overruns was properly vacated.
LPP’s argument that Mr. Bradford lacked jurisdiction over CEM’s claim for the development fee under the JDA is unpreserved as it was not made before the court below. In any event, Mr. Arbittier properly found the claim to be arbitrable because it involved the parties and arose under a contract that was related to the EPC Agreement. LPP’s argument that CEM lacked standing to maintain this proceeding was rendered moot by the unopposed intervention of its guarantor, Centennial Energy Holding, Inc. (CEHI). As LPP conceded below, CEHI had standing to seek relief from the arbitration award. Concur — Mazzarelli, J.P, Saxe, Moskowitz, DeGrasse and Gische, JJ.

* We take the decision’s statement that gross negligence, if proven, could form “the basis” rather than “a basis” for recovery as a clear indication that Mr. Arbittier found gross negligence to be the only theory upon which LPP would have been entitled to an award in arbitration (cf. Argentina v Emery World Wide Delivery Corp., 93 NY2d 554, 560 n 2 [1999]; Fox v Tedesco, 15 AD3d 538, 539 [2005]).