Aronov v Kanarek (2018 NY Slip Op 07405)





Aronov v Kanarek


2018 NY Slip Op 07405


Decided on November 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SANDRA L. SGROI
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2015-11744
 (Index No. 2150/12)

[*1]Svetlana Aronov, et al., appellants, 
v
Jack I. Kanarek, etc., et al., respondents.


Law Office of Jason Tenenbaum, P.C., Garden City, NY, for appellants.
Aaronson Rappaport Feinstein & Deutsch, LLP, New York, NY (Steven C. Mandell of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiffs appeal from an order of the Supreme Court, Queens County (Peter J. O'Donoghue, J.), dated August 19, 2015. The order denied the plaintiffs' motion pursuant to CPLR 4404(a) to set aside a jury verdict in favor of the defendants and against them in the interest of justice and as contrary to the weight of the evidence, and for a new trial.
ORDERED that the order is affirmed, with costs.
On August 11, 2009, the defendant Jack I. Kanarek (hereinafter the defendant) attempted to perform the Essure sterilization procedure on the plaintiff Svetlana Aronov (hereinafter the plaintiff). The Essure procedure involves placing an Essure coil into each fallopian tube, which causes a sterile inflammatory reaction resulting in the tubes' closure. During that procedure, the defendant was unable to visualize the right tube and, therefore, was unable to place the second coil. The defendant ultimately placed the second coil on February 22, 2010.
Essure coils contain nickel. The defendant did not test the plaintiff for a nickel allergy prior or subsequent to either procedure. After the second Essure procedure, the plaintiff underwent a test that showed that she had a nickel allergy. Subsequently, the plaintiff, and her husband suing derivatively, commenced this action, inter alia, to recover damages for medical malpractice. Following a jury trial, the jury returned a verdict in favor of the defendants and against the plaintiffs. The plaintiffs then moved, pursuant to CPLR 4404(a), to set aside the jury verdict in the interest of justice and as contrary to the weight of the evidence, and for a new trial. The Supreme Court denied the motion, and the plaintiffs appeal.
The standard for determining whether a jury verdict was contrary to the weight of the evidence is "whether the evidence so preponderate[d] in favor of the [plaintiff] that [the verdict] could not have been reached on any fair interpretation of the evidence'" (Lolik v Big V Supermarkets, 86 NY2d 744, 746, quoting Moffatt v Moffatt, 86 AD2d 864, 864, affd 62 NY2d 875). This standard "was intended to accentuate the principle that when a jury, upon being presented with sharply conflicting evidence creating a factual dispute, resolved the controversy in favor of the defendant upon a fair interpretation of the evidence, that finding should be sustained" (Nicastro v Park, 113 [*2]AD2d 129, 134). "Issues of credibility are for the jury, which had the opportunity to observe the witnesses and the evidence. Its resolution is entitled to deference" (Cicola v County of Suffolk, 120 AD3d 1379, 1382 [internal quotation marks omitted]). "It is within the province of the jury to determine an expert's credibility," and its resolution of "conflicting expert testimony is entitled to great weight, as it is the jury that had the opportunity to observe and hear the experts" (Saccone v Gross, 84 AD3d 1208, 1208-1209 [internal quotation marks omitted]).
Here, the jury's verdict was not against the weight of the evidence. Although the plaintiff testified that she informed the defendant that she had experienced a reaction to non-gold jewelry and belt buckles as a child, the jury was entitled to credit the defendant's testimony to the contrary. The jury was also entitled to credit the testimony of the defendants' expert in obstetrics and gynecology that, based upon the medical record and the defendant's testimony, the standard of care did not require him to test the plaintiff for a nickel allergy before or after the procedures.
"Jury interrogatories must be based on claims supported by the evidence" (Spagnole v Staten Is. Univ. Hosp., 77 AD3d 816, 816; see Allen v Uh, 82 AD3d 1025, 1026). Here, there was no testimony that the defendants deviated from the standard of care in failing to obtain the plaintiff's informed consent to perform a bilateral tubal ligation prior to the first Essure procedure. The interrogatory proposed by the plaintiffs on this issue did not frame an appropriate question for the jury given the evidence (see Restagno v Horwitz, 46 AD3d 533, 535; Marzuillo v Isom, 277 AD2d 362, 363). Accordingly, we agree with the Supreme Court's determination to not submit a special interrogatory proposed by the plaintiffs to the jury.
The plaintiffs' contention that the Supreme Court erred by not admitting into evidence a document from the Essure manufacturer's database is unpreserved for appellate review. Although the record indicates that the plaintiffs initially sought the admission of the document into evidence, they did not object after the court issued its off-the-record ruling, which permitted the plaintiffs to make certain limited use of the document at issue. Furthermore, when the court precluded certain testimony concerning specific entries on the document, counsel for the plaintiffs did not object or raise any arguments in connection with the ruling. Under the circumstances, the plaintiffs' contention is not properly before this Court (see Warren v New York Presbyt. Hosp., 88 AD3d 591, 592; Inwood Sec. Alarm, Inc. v 606 Rest., Inc., 35 AD3d 194, 194; Saratoga Spa & Bath v Beeche Sys. Corp., 230 AD2d 326, 331; Hamilton v Raftopoulos, 176 AD2d 916, 917).
The plaintiffs' remaining contention is without merit.
Accordingly, we agree with the Supreme Court's denial of the plaintiffs' motion pursuant to CPLR 4404(a) to set aside the jury verdict in favor of the defendants and against them in the interest of justice and as contrary to the weight of the evidence, and for a new trial.
BALKIN, J.P., SGROI, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court