Yar v Singh (2024 NY Slip Op 51470(U))

[*1]

Yar v Singh

2024 NY Slip Op 51470(U)

Decided on October 28, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 28, 2024
Supreme Court, Kings County

Muhammad Yar, Plaintiff,

against
Malkiat Singh, Defendant.

Index No. 503689/2020

Aaron D. Maslow, J.

This Court is in the midst of presiding over a trial involving a motor vehicle accident in which Plaintiff, Muhammad Yar ("Plaintiff") claims that Defendant, Malkiat Singh ("Defendant") struck him from behind while driving on the Van Wyck Expressway within John F. Kennedy International Airport, located in Queens, New York. Plaintiff was prepared to exit at Exit B to drive to a Cell Phone Lot. Both Plaintiff and Defendant contend that a third vehicle turned in front of Plaintiff's vehicle causing Plaintiff to stop or slow down after which Defendant struck the rear of Plaintiff's vehicle. Plaintiff claims personal injuries from this collision.
Plaintiff called Defendant as his first witness. Called by Plaintiff, Defendant's testimony on direct was, in substance, as follows: Defendant was driving at a normal speed and was slowing down to exit; Defendant did not remember the day that this occurred in great detail; Defendant's speed was "little," when he was asked whether he saw Plaintiff's car ahead of him; Defendant answered that he did not know Plaintiff's rate of speed; Plaintiff was also about to exit; the other vehicle cut in front of Plaintiff; Plaintiff suddenly slammed hard on his breaks; Plaintiff slowed down; Defendant struck Plaintiff; and the other car drove away.
Defendant was asked a leading question that assumed that there was a 10-second interval between seeing Plaintiff's break lights and striking Plaintiff's vehicle. Defense counsel objected to this question. This Court overruled the objection and now explains its reasoning for allowing the question to be asked of Defendant.
According to the Ferri v Ferri case, "The Supreme Court properly permitted the defendant to be treated as a hostile witness at the trial. Where, as here, an adverse party is called as a witness, it may be assumed that such adverse party is a hostile witness, and, in the discretion of the court, direct examination may assume the nature of cross-examination by the use of leading questions" (Ferri v Ferri, 60 AD3d 625, 626 [2d Dept 2009] [internal quotation marks omitted], citing Fox v Tedesco, 15 AD3d 538 [2d Dept 2005]; Jordan v Parrinello, 144 AD2d 540 [2d Dept 1988]; Marzuillo v Isom, 277 AD2d 362 [2d Dept 2000]).
Based on the foregoing case law, it was appropriate for Plaintiff's counsel to lead Defendant by asking him about the 10-second period of time. Moreover, it was also appropriate considering Defendant failed to testify in specific detail prior to the asking of the question. For instance, Defendant testified that he did not remember the day of the incident well, using the term "little" to describe his own speed. Additionally, Defendant was unable to testify as to his [*2]own rate of speed. Under such circumstances, asking a question which assumes a specific amount of time is appropriate. Defendant could have answered the question in the negative if indeed there was not a 10-second gap in time but did not do so. Rather, Defendant acceded to the time period posed in the question.
The Court adheres to its determination of overruling Defendant's counsel's objection.
Dated: October 28, 2024
AARON D. MASLOW
Justice of the Supreme Court of the State of New York