Matter of Davin P. (Davida V.) (2025 NY Slip Op 25092)

[*1]

Matter of Davin P. (Davida V.)

2025 NY Slip Op 25092

Decided on April 16, 2025

Family Court, Kings County

Pitchal, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on April 16, 2025
Family Court, Kings County

In the Matter of Davin P. 
 A Child under Eighteen Years of Age Alleged to be Permanently Neglected by Davida V., Ishmael P.

File No. XXXXX

Jeffrey Blinkoff, Esq.
16 Remsen Ave.
Roslyn, NY 11576
Counsel for Petitioner SCO Family Services
Fredericka Bashir, Esq.
26 Court Street, Suite 1503
Brooklyn, NY 11242
Counsel for Respondent Ishmael P. 
Lawrence E. Goldstein, Esq.
80 Maiden Lane, Suite 1004
New York, NY 10038
Counsel for Respondent Davida V.
Richard Colodny, Esq. — Attorney for the Child
185 Montague Street, 10th Floor
Brooklyn, NY 11201

Erik S. Pitchal, J.

By case management order dated October 9, 2024, all counsel were directed to brief the following question: When petitioner calls a respondent in a TPR trial as his own witness, and the Court permits him to ask leading questions because the respondent is an adverse party, may respondent's own lawyer also ask leading questions because it is "cross-examination," or must respondent's own lawyer limit the inquiry to non-leading questions? Petitioner filed a timely brief dated January 31, 2025. No other counsel filed a brief. 
Built into the question presented is a preliminary issue - whether petitioner's counsel may put leading questions to the respondent even though he called respondent as his own witness. The answer is unquestionably yes; moreover, there need not be a demonstration of hostility by the witness. "Where, as here, an 'adverse party' is called as a witness, it may be assumed that such adverse party is a hostile witness, and, in the discretion of the court, direct examination may assume the nature of cross-examination by the use of leading questions." Ferri v. Ferri, 60 AD3d 625 (2d Dep't. 2009) (citations omitted). 
During the first iteration of trial in this matter, despite being permitted by the Court to ask leading questions of Mr. P., Petitioner's counsel asked several non-leading ones. For example, he asked Mr. P. "When was [Davin] born?" Mr. P. was unable to remember his son's birth date. When Mr. P.'s counsel commenced her cross-examination of her own client, her very first question was "Davin was born on [XX XX, 2012], correct?" Petitioner's counsel objected, and the Court reserved decision on the question of whether Mr. P.'s attorney would be permitted to ask leading questions such as that one. The October 9, 2024, case management order followed. 
As to the operative question presented here — whether respondent's counsel may ask leading questions of her own client in the context of his testimony as a witness for the petitioner  the answer is no.
The purpose of allowing leading questions during cross-examination is to test the accuracy of or discredit the direct testimony of an adverse witness. "[S]hould it develop that an opponent's witness proves to be biased in favor of the cross-examiner, he may then be forbidden to propound leading questions even to the opponent's witness." J. &B. Motors v. Margolis, 75 Ariz. 382, 396 (1963) (citing Wigmore on Evidence § 915). Clearly, one's own client is "biased" in favor of his counsel even if the counsel's inquiry is labeled "cross-examination" merely because the client was called by the other side's lawyer in the first instance. Thus, the rule in Arizona is a lawyer cannot put leading questions to her own client — or any other witness who is biased in the client's favor - even on "cross-examination." Id. at 397.
"Generally, when a witness identified with an adverse party is called, the roles of the parties are reversed. Leading questions would be appropriate on direct examination but not on cross-examination." Alpha Display Paging, Inc. v. Motorola Communications and Electronics, Inc., 867 F.2d. 1168, 1171 (8th Cir. 1989). This is true in many other jurisdictions in both civil and criminal matters. See, e.g., Zurkowsky v Brown, 79 Wash.2d 586, 604 (1971); State v. Preston, 673 S.W.2d 1, 6 (Mo. 1984); People v. Spain, 154 Cal.App.3d 845, 853 (1984).
New York appears to favor this rule as well. In personal injury cases, it is common for the plaintiff to call the defendant on its case-in-chief. When defendant's counsel cross-examines her own client, "leading questions are also forbidden." NY Prac., Personal Injury Practice in NY § 9:311.
The reason for this rule is amply demonstrated by the single leading question Mr. P.'s lawyer posed to him before the trial was adjourned. Counsel effectively suggested to her client the correct answer to a question which he had been unable to handle when questioned by petitioner's counsel. While the child's date of birth is not really in dispute in this proceeding, there is a significant danger if counsel is permitted to inquire into more material and controversial matters by use of leading questions.
The Court thus holds that if the respondents' lawyers wish to "cross-examine" their own clients following the adverse, "direct" examination conducted of them by petitioner's counsel, respondents' counsel can only do so with non-leading questions. Regardless, respondents can be called as witnesses during their own cases-in-chief, using traditional direct examination techniques. 
Dated: April 16, 2025
Brooklyn, NY
ENTER
Hon. Erik S. Pitchal